**WATFORD, Appellant,**

**v.**

**BUREAU OF MOTOR VEHICLES, Appellee.**

[Cite as *Watford v. Ohio Bur. of Motor Vehicles* (1996), 110 Ohio App.3d 499.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 69366.

Decided April 22, 1996.

*Roy M. Kaufman,* for appellant.

*Neil Myers,* Euclid Assistant Law Director, for appellee.

*Per Curiam.*

This is an accelerated appeal from a judgment of the Euclid Municipal Court which denied petitioner Jesse Watford's appeal of an administrative license suspension imposed pursuant to R.C. 4511.191. For reasons which follow, we reverse the trial court's order.

Watford ("appellant") was arrested in the city of Euclid on the charge of driving under the influence of alcohol. He refused to take a breath-alcohol test at the police station after his arrest. Appellee Ohio Bureau of Motor Vehicles

thereafter suspended his driver's license for a period of one year based on his refusal to submit to the breath-alcohol test after his arrest.

Appellant thereafter timely filed a petition in Euclid Municipal Court seeking revocation of the suspension of his driver's license, claiming that the police did not have a valid basis to request a breath-alcohol test, that he did not refuse to take a breath-alcohol test and that he was medically unable to take a breathalyzer test.

The municipal court upheld the suspension after holding an administrative license suspension ("ALS") hearing.

Appellant timely filed a notice of appeal from the municipal court's order upholding the license suspension.

In his first and second assignments of error, appellant challenges the police officer's authority to request that he submit to chemical testing.[1] Appellant argues that he made a sufficient showing at the ALS hearing, which was not rebutted by the BMV, that the police had no reason to stop his car. Appellant contends that absent some evidence of a lawful stop by the police, the police had no authority to request that he submit to chemical testing and that the lower court therefore erred in upholding the suspension of his license for refusing to take a chemical test.

Before addressing the merits of appellant's argument, we will first consider the BMV's argument that appellant waived his right to a review of any issue involving probable cause because he entered a negotiated guilty plea to the reduced charge of reckless operation. Our review of the record fails to reveal a journal entry indicating the disposition of the criminal charges. Absent this, the BMV's waiver argument is fatally flawed from its outset.

Turning our attention back to the merits of appellant's argument, we agree with appellant that pursuant to R.C. 4511.191(H)(1)(a), a valid justification for refusing to take a chemical test exists when the officer lacks reasonable grounds to request chemical testing. This section provides as follows:

"(H)(1) * * * If the person appeals the suspension * * * the scope of the appeal is limited to determining whether one or more of the following conditions have not been met:

"(a) Whether the law enforcement officer had *reasonable ground to believe* the arrested person was operating a vehicle * * * under the influence of alcohol

---

1. See Appendix. As appellant argues these two assignments of error together, we will address them in the same manner. But, see, App.R. 12(A)(2) ("The court may disregard an assignment of error presented for review if the party raising it fails to * * * argue the assignment separately in the brief, as required under App.R. 16[A]").

* * * or with a prohibited concentration of alcohol in the blood, breath, or urine and whether the arrested person was in fact placed under arrest." (Emphasis added.)

We further agree with appellant that a lawful arrest, including a constitutional stop, must take place before a refusal to submit to chemical tests of one's blood, breath, urine or other bodily substances triggers a license suspension. *Williams v. Ohio Bur. of Motor Vehicles* (1992), 62 Ohio Misc.2d 741, 610 N.E.2d 1229; cf. *State v. Taylor* (1981), 3 Ohio App.3d 197, 3 OBR 224, 444 N.E.2d 481. The law, however, does not require a finding of probable cause in order for a police officer to conduct a brief investigatory stop; rather, in order to warrant a brief investigatory stop, the police officer involved " 'must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion.' " *State v. Williams* (1990), 51 Ohio St.3d 58, 60, 554 N.E.2d 108, 111, quoting *Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889.

In determining whether the lower court erred in upholding the administrative suspension of appellant's driver's license, we necessarily must review the evidence that was before the court when it made its decision. There is no transcript of the ALS hearing; instead, an App.R. 9(C) statement of the evidence was submitted by the parties and approved by the lower court.

According to the statement of the evidence, the only testimony presented at the hearing on the issue of probable cause was that of appellant, who testified that the police arbitrarily stopped him as he was driving to a restaurant. The police officers who initiated the stop did not testify at the hearing.

Thus, unless this testimony of appellant regarding the stop of his vehicle was otherwise rebutted by the BMV, there was no evidence before the lower court which could support a finding that the stop of appellant's vehicle by the police was lawful and, concomitantly, that the police had the authority to request that appellant submit to chemical testing.

The BMV maintains that there was other evidence before the lower court which would support a finding by the court that the police lawfully stopped appellant's vehicle. Specifically, it relies on the tickets issued to appellant for driving under the influence and weaving, the alcohol influence report form, the impaired-driver report and the arresting police officer's report, all of which indicate that appellant was stopped by the police for erratic driving and weaving. These documents further indicate that upon approaching appellant's vehicle, the police officers detected a strong odor of alcohol from inside the vehicle. Although the record transmitted on appeal contains these documents relied on by the BMV, it does not appear from the App.R. 9(C) statement that this evidence was

admitted during the ALS hearing or that it was even brought to the judge's attention.

Thus, as the *only* evidence presented at the ALS hearing was that the police officers' initial stop of appellant was unlawful, so was the request that appellant submit to chemical testing and the suspension of his driver's license for refusal to do so. Consequently, we hold that the lower court erred in denying appellant's petition for revocation of the administrative suspension of his driver's license.

The appellant's first and second assignments of error are sustained.

In his third and fourth assignments of error, appellant challenges the constitutionality of R.C. 4511.191 under the Due Process Clause of the Fifth Amendment.[2]

Review of the record fails to reveal that appellant raised these issues at the lower court level; he now raises them for the first time on appeal. Without considering the merits of the issues presented, we find that the appellant has waived review of these issues by failing to raise them below. *State v. Green* (1993), 66 Ohio St.3d 141, 609 N.E.2d 1253; *State v. Awan* (1986), 22 Ohio St.3d 120, 22 OBR 199, 489 N.E.2d 277, syllabus ("Failure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal."). See, also, *Abraham v. Natl. City Bank Corp.* (1990), 50 Ohio St.3d 175, 553 N.E.2d 619, fn. 1; *Stalla v. Ohio Bell Tel. Co.* (Mar. 15, 1990), Cuyahoga App. No. 56512, unreported, 1990 WL 28817.

The judgment is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

*Judgment reversed*
*and cause remanded.*

PATRICIA ANN BLACKMON, P.J., PORTER and McMONAGLE, JJ., concur.

APPENDIX

Assignment of Error No. I

"The trial court erred in denying plaintiff-appellant's appeal of [the BMV's] suspension of his driver's license when there was no evidence that there was reasonable grounds to believe that plaintiff-appellant was driving his automobile under the influence of alcohol or drugs when the officer stopped [him]."

---

2. See Appendix.

## Assignment of Error No. II

"The trial court erred in denying plaintiff-appellant's appeal of [the BMV's] suspension of his driver's license when there was no probable cause [or] any evidence of probable cause to stop [his] vehicle."

## Assignment of Error No. III

"The denial of treatment to plaintiff by depriving him of medical treatment prior to requiring him to take a breathalizer [sic] test is a denial of due process required under the Fifth Amendment."

## Assignment of Error No. IV

"The present law, O.R.C. [Chapter] 4511, which requires automatic suspension of a driver's license when a person who is in serious injury and needs immediate medical treatment and who requests to be taken to a hospital and is denied and subjected to take a breathalizer [sic] test is unconstitutional and denies the driver due process of law."