Yolanda Sabur f.k.a. Yolanda El-Zant appeals from a portion of a protection order issued by the Domestic Relations Division of the Common Pleas Court which permitted her ex-husband, Momen El-Zant, unsupervised visitation with their daughter, Ailaa El-Zant. Sabur complains on appeal that the court abused its discretion because it failed to include Ailaa in the protection order, granted El-Zant the opportunity to visit her without safety conditions, and neglected to admit certain evidence at the hearing. After considering the record and the law, we have concluded the assignments of error are not well taken, that the trial court did not abuse its discretion in continuing El-Zant's unsupervised visitation with Ailaa as the parties had agreed, and therefore, we affirm the decision of the Domestic Relations Court.
The briefs in this case reveal that on November 16, 1996, the court granted the parties a divorce, designated Sabur the residential parent of Ailaa, and issued a visitation order. In June of 1997, El-Zant filed a motion to show cause based on Sabur's failure to allow him visitation with Ailaa as required by the divorce decree. In response, Sabur filed a motion to modify the visitation. While these motions were pending, El-Zant on two occasions, one on November 16, 1997 and again on November 30, 1997, verbally abused and threatened Sabur following scheduled visitations. When the parties attended court on December 23, 1997 for a hearing on the pending visitation motions, they agreed to an interim written visitation schedule whereby El-Zant obtained visitation with Ailaa every Sunday from 2 pm-6 pm, with the exchange occurring inside the Wickliffe police station. The trial court incorporated that agreed interim order into its judgment entry at that time.
Subsequent to that agreement, Sabur filed for a protection order on January 9, 1998, pursuant to R.C. 3113.31 for herself, for Ailaa, for her other minor children and for her husband, Thani Al Taer, based on the incidents which had occurred on November 16, 1997 and November 30, 1997. On January 12, 1998, the court issued an ex-parte temporary protection order, which suspended visitation between El-Zant and Ailaa. However after a full hearing of the matter on May 11, 1998, the court issued a protection order which, inter alia, re-established visitation with Ailaa pursuant to the schedule agreed upon by the parties at the December 23, 1997 hearing. Sabur has now filed a notice of appeal from that ruling and assigns four errors for our review.
Because assignments of error one, two, and three are premised upon the same facts and argument, we shall consider them together.
I.
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT FAILED TO EXTEND PROTECTION TO THE MINOR CHILD OF THE PARTIES IN ISSUING A FIVE (5) YEAR CIVIL PROTECTION ORDER PROTECTING THE PLAINTIFF-APPELLANT, HER OTHER MINOR CHILDREN, AND HER NEW HUSBAND AS A RESULT OF THE DEFENDANT-APPELLEE'S ACTS AND HISTORY OF DOMESTIC VIOLENCE, AND ORDERED VISITATION, CONTRARY TO THE BEST INTERESTS OF THE MINOR CHILD OF THE PARTIES.
II.
 THE TRIAL COURT ERRED, ABUSED ITS DISCRETION, AND DID NOT ACT IN THE BEST INTEREST OF THE CHILD, WHEN IT FAILED TO IMPOSE ANY SUPERVISION, RESTRICTIONS, SAFETY PRECAUTIONS, AND/OR CONDITIONS ON VISITATION TO ENSURE THE WELL-BEING OF THE MINOR CHILD OF THE PARTIES, WHERE THERE WAS CLEAR AND CONVINCING EVIDENCE THAT THE VISITATION ARRANGEMENTS WOULD BE HARMFUL TO THE MINOR CHILD
III.
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT FAILED TO EXTEND PROTECTION TO THE MINOR CHILD OF THE PARTIES IN ISSUING A FIVE (5) YEAR CIVIL PROTECTION ORDER PROTECTING THE PLAINTIFF-APPELLANT, HER OTHER MINOR CHILDREN, AND HER NEW HUSBAND, AS A RESULT OF THE DEFENDANT-APPELLEE'S ACTS AND HISTORY OF DOMESTIC VIOLENCE, AND ORDERED VISITATION WITHOUT ANY SUPERVISION, RESTRICTIONS, SAFEGUARDS AND/OR CONDITIONS BECAUSE THE PARTIES ENTERED AN INTERIM AGREEMENT FOR VISITATION THAT HAD NO SUCH SAFEGUARDS AND IS CONTRARY TO THE BEST INTEREST OF THE MINOR CHILD.
Essentially Sabur alleges that because of the incidents which occurred on November 16, 1997 and November 30, 1997, the court abused its discretion and acted contrary to the best interest of Ailaa when it granted El-Zant unsupervised visitation with her. El-Zant maintains that he is entitled to visitation as the noncustodial parent and that the incidents referred to by Sabur predate the agreed upon visitation schedule and were not directed toward Ailaa.
Thus we are called upon to determine whether the court abused its discretion by permitting El-Zant unsupervised visitation with Ailaa.
The trial court has broad discretion in determining matters related to visitation. Appleby v. Appleby (1986), 24 Ohio St.3d 39. The trial court's discretion must be exercised in a manner which best protects the interest of the child. Bodine v. Bodine (1988), 38 Ohio App.3d 173. In Pettry v. Pettry (1984), 20 Ohio App.3d 350, the court stated:
 A noncustodial parent's right of visitation with his children is a natural right and should be denied only under extraordinary circumstances, such as unfitness of the noncustodial parent or a showing that visitation with the noncustodial parent would cause harm to the children.
In this case, the record reflects two incidents of verbal abuse by El-Zant directed to Sabur on November 16, 1997 and November 30, 1997. Despite these incidents, on December 23, 1997, Sabur consented to a temporary visitation schedule which permitted El-Zant unsupervised visitation with Ailaa every Sunday from 2 pm-6 pm. Thereafter, on January 9, 1998, she filed for a protection order in an effort to discontinue that visitation, and the court, in an ex-parte hearing suspended visitation. However, on May 11, 1998 after a full hearing, the court re-established El-Zant's visitation with Ailaa. The record here does not indicate any incidents of violence directed toward Ailaa or contain any evidence demonstrating that visitation with the noncustodial parent would cause harm to Ailaa. Therefore, we cannot conclude the court abused its discretion in failing to include Ailaa in the protection order; in failing to impose any safety precautions for visitation; or in ordering unsupervised visitation with her father. Accordingly, these assignments of error are overruled.
The fourth assignment of error states:
IV.
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT FAILED TO ALLOW ADDITIONAL EVIDENCE OF (1) THE DEFENDANT-APPELLEE'S ACTS OF DOMESTIC VIOLENCE AGAINST THE PLAINTIFF-APPELLANT THAT LED TO A DOMESTIC VIOLENCE CRIMINAL CONVICTION AND HAPPENED IN THE PRESENCE OF THE MINOR CHILD OF THE PARTIES, TRAUMATIZING HER, AND (2) EVIDENCE OF THE DEFENDANT-APPELLEE'S IMMIGRATION STATUS AND PROCEEDINGS, AND (3) EVIDENCE OF SUBJECTION OF THE CHILD TO INTRUSIVE EXAMS, WHICH EVIDENCE WAS MATERIAL TO THE ISSUE OF VISITATION UNDER A FIVE (5) YEAR CIVIL PROTECTION ORDER, AS RELATED TO THE BEST INTEREST OF THE CHILD.
Sabur contends that the court abused its discretion when it limited her ability to testify about El-Zant's violent behavior, his immigration status, and the intrusive medical examinations which Ailaa had to endure as a result of El-Zant's allegations that Sabur had sexually abused her. El-Zant maintains that the court permitted Sabur to introduce evidence of acts of his physical violence, but that evidence of his immigration status and her testimony about medical examinations of Ailaa are not properly before the court.
This assignment of error raises three issues for our resolution: El-Zant's behavior, his immigration status, and the intrusive examinations Ailaa had to endure. In reference to the testimony about El-Zant's violent behavior, the court in Bodine
stated:
 Merely because the trial court rejected certain evidence which pertained to defendant's behavior during the marriage does not render such action error. This evidence was properly excluded because it was cumulative and remote in time. Clearly, not all evidence is admissible because it is relevant; rather, relevant evidence may be rejected where the presentation of such tends to confuse the issue or needlessly prolongs the proceeding.
In this case, the record reflects that although the court permitted Sabur to testify at length about several incidents of El-Zant's violent behavior, it did not permit her to testify about all of them. Sabur cannot complain that the court abused its discretion when it excluded this cumulative testimony concerning El-Zant's violent behavior because it granted her the protection order she sought. Accordingly, this claim cannot become the basis of reversible error.
The second and third issues concerning El-Zant's immigration status and Ailaa's intrusive physical examinations arising from El-Zant's allegations that Sabur had molested her, have not been raised in the trial court, are not part of the record before us and, therefore, are not properly presented for our review.
In Watford v. Ohio Bureau of Motor Vehicles (1996), 110 Ohio App.3d 499,503, the court stated:
 Review of the record fails to reveal the appellant raised these issues at the lower court level, he now raises them for the first time on appeal. Without considering the merits of the issues present, we find the appellant has waived review of the issues by failing to raise them below.
In this case, the record does not contain any testimony or other evidence as to El-Zant's immigration status or Ailaa's intrusive medical examinations. Because these matters are not part of the court's record, in accord with Watford, they are waived, and we are unable to review them. Accordingly, this assignment of error is overruled.
For the foregoing reasons, the judgment of the court is affirmed.
Judgment affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Domestic Relations Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D SWEENEY, J., CONCURS
 PATRICIA A. BLACKMON, J., DISSENTS (See Dissenting Opinion attached)
 ________________________________ PRESIDING JUDGE TERRENCE O'DONNELL