**STATE of Vermont v. Christopher NICKERSON**
**State of Vermont v. Robert Rash**

[756 A.2d 1240]

Nos. 98-530 & 98-531

May 10, 2000. In these two consolidated cases, defendants Christopher Nickerson and Robert Rash were charged with operating a motor vehicle while under the influence of intoxicating liquor (DWI), pursuant to 23 V.S.A. § 1201. In Nickerson's case, the district court held that, because his arrest was unlawful, the evidence resulting from that arrest had to be suppressed in the criminal case. In Rash's case, the court held that, because the police officer had no reasonable and articulable suspicion for stopping his car, the evidence resulting from that stop had to be suppressed in the criminal case. In both cases, however, the court held that Article 11's exclusionary rule does not apply to civil license suspension proceedings. Defendants appeal this latter holding. The State does not appeal from the suppression of evidence in the criminal cases. We reverse as to the court's holding that the exclusionary rule does not apply to civil license suspension proceedings.

The facts are not in dispute. Nickerson was denied entry into Canada at the Derby, Vermont, customs station because a customs official determined that he was driving under the influence of alcohol. The customs officer notified the state police, and a state trooper arrived and independently determined that Nickerson was under the influence of alcohol. The trooper arrested him and transported him to the police barracks for DWI processing. Nickerson filed a motion to suppress statements he made to the trooper. The court granted the motion as to the criminal case, citing *State v. LeBlanc*, 149 Vt. 141, 145, 540 A.2d 1037, 1040 (1987) (stop was invalid where arresting officer was outside his territorial jurisdiction); however, the court held that Article 11's exclusionary rule does not apply to civil license suspension proceedings.

In Rash's case, a private citizen called the police barracks and told the dispatcher that he had observed an automobile whose driver was DWI. The citizen gave a specific description of the vehicle he had seen. Based on this information, a police officer stopped Rash's car because it matched the description given by the dispatcher. The officer subsequently arrested Rash and charged him with DWI. Rash filed a motion to suppress statements he made to the officer. The court granted the motion as to the criminal case, concluding that the officer had no reasonable and articulable suspicion to stop Rash's car. However, the court held that Article 11's exclusionary rule does not apply to civil license suspension proceedings.

These cases are controlled by our recent decision in *State v. Lussier*, 171 Vt. __, 757 A.2d 1017 (2000). In *Lussier*, we held that Article 11's exclusionary rule applies to civil license suspension proceedings. See *id.* at __, 757 A.2d at 1018. It bears emphasizing that both defendants in *Lussier* challenged the reasonableness of the underlying stop; whereas, in the instant case, while Rash has challenged the reasonableness of the under-

lying stop, Nickerson has challenged the lawfulness of his arrest. In *Lussier*, we emphasized "our belief that the exclusionary rule's ban against the admission of unlawfully obtained evidence should extend to civil suspension proceedings," *id.*, and supported our holding with case law from other jurisdictions that held that a lawful arrest was a prerequisite for an officer to have reasonable grounds to support a civil suspension. See *id.* at ——, 757 A.2d at 1023-24 (citing *People v. Krueger*, 567 N.E.2d 717, 721-22 (Ill. App. Ct. 1991); *Watford v. Bureau of Motor Vehicles*, 674 N.E.2d 776, 778 (Ohio Ct. App. 1996); *Pooler v. Motor Vehicles Div.*, 755 P.2d 701, 702-03 (Or. 1988) (en banc)). Thus, our decision in *Lussier* is not limited to challenges to the underlying stop.

As noted, the State has not appealed the suppression of evidence in the criminal cases. Thus, we do not reach the issue of whether the suppression rulings were correct. Because the court held that the evidence must be suppressed in the criminal cases, it must also be suppressed in the civil license suspension proceedings.

*Reversed and remanded.*

**Amestoy, C.J.,** dissenting. I respectfully dissent. As explained more fully in my dissent to the Court's decision in *State v. Lussier*, 171 Vt. ——, 757 A.2d 1017 (2000), I believe that the Legislature could, and did, exclude the validity of the underlying motor-vehicle stop from consideration in a civil suspension proceeding. The majority's revision of the statute is even more pronounced in this case, where Nickerson based his defense on an invalid arrest allegedly outside the arresting officer's territorial jurisdiction. How this constitutes the equivalent of a claim that the officer lacked "reasonable grounds to believe the person was operating . . . a vehicle in violation of section 1201," 23 V.S.A. § 1205(h)(1), is beyond my understanding, where defendant was apparently so inebriated that he was unable to drive his vehicle past the Derby, Vermont, customs station.

This Court has previously recognized that the purpose of a summary civil suspension is to protect the "public safety by quickly removing potentially dangerous drivers from the roads." *State v. Strong*, 158 Vt. 56, 61, 605 A.2d 510, 513 (1992). Today's decision compromises that legislative objective, without advancing privacy interests which are fully protected by constitutional safeguards in any corollary criminal proceeding. As an exercise in statutory construction, the majority analysis is merely unsupported. As a pronouncement of constitutional principle, it suffers from a more serious failing; it is unsound. I am authorized to state that Justice Skoglund joins in this dissent.