DECISION AND JUDGMENT ENTRY
This appeal comes to us from the Bowling Green Municipal Court where that court granted a petitioner relief from an administrative license suspension. Because the trial court correctly applied the relevant statute to the facts, we affirm.
On February 18, 2000, at around 2:00 a.m., Officer Tackett approached the intersection of Wooster Street and Main Street in Bowling Green, Ohio. While stopped at a red light, the officer observed the vehicle next to him operated by appellee, Anthony Campanello, Jr., in the left turn lane. Appellee's vehicle did not proceed into the intersection when the green arrow signal was given. The officer observed appellee staring forward while the green arrow signaled the vehicle to proceed. The officer then backed his vehicle up, pulling behind appellee's vehicle. When the light cycled again, appellee proceeded through the intersection on the green left turn arrow. Appellee had not blocked anyone from going through the light. The officer followed appellee's vehicle down South Main Street. He did not observe appellee commit any traffic violations. Nevertheless, the officer stopped appellee's vehicle approximately one block from the Main and Wooster intersection. After initiating the stop, the officer detected the odor of an alcoholic beverage on appellee's breath and requested that appellee exit the vehicle. Appellee underwent several field sobriety tests. He was arrested for Driving Under the Influence of Alcohol and was transported to the Bowling Green Police Department where he submitted to a chemical breath test. A result of .173 was obtained. Appellee was cited, given a court date and released.
On April 5, 2000, an administrative license suspension hearing was held on appellee's petition to set aside the suspension. At the hearing, Officer Tackett testified that he stopped appellee because he suspected that appellee was driving under the influence of alcohol. The officer stated that his suspicion was based on appellee sitting through the green turn arrow at 2:00 a.m., the time when most of the downtown bars closed. The officer also stated that he did not observe appellee commit any traffic violations before stopping him.
On April 14, 2000, the Bowling Green Municipal Court entered its decision, granting appellee's appeal of his administrative license suspension. In making its determination, the trial court concluded that the arresting officer had no reasonable articulable suspicion to stop appellee's vehicle. It is from this judgment that appellant, city of Bowling Green/State of Ohio, appeals, setting forth the following sole assignment of error:
 "THE TRIAL COURT COMMITTED ERROR WHEN IT GRANTED THE PETITIONER-APPELLEE'S REQUEST TO VACATE THE ADMINISTRATIVE LICENSE SUSPENSION, IMPOSED WHEN APPELLEE RECEIVED A BLOOD ALCOHOL TEST ABOVE .10, BASED SOLELY UPON THE COURT'S FINDING THAT THE OFFICER LACKED REASONABLE ARTICULABLE SUSPICION TO STOP APPELLEE'S VEHICLE."
Appellant does not question the trial court's determination that the stop of appellee's vehicle was not supported by reasonable articulable suspicion. Rather, appellant contends that "reasonable articulable suspicion" is not equivalent to the statutory term "reasonable ground." Thus, according to appellant, the court considered a term that it should not have when it determined the administrative license suspension.
Appellee appealed his suspension under R.C. 4511.191(H)(1)(a), which states in pertinent part:
 "If the person appeals the suspension at the person's initial appearance, the scope of the appeal is limited to determining whether one or more of the following conditions have not been met:
 "(a) Whether the law enforcement officer had reasonable ground to believe the arrested person was operating a vehicle upon a highway or public or private property used by the public for vehicular travel or parking within this state while under the influence of alcohol. . ."
The standard for an investigatory stop of a motor vehicle is less than probable cause and can be found upon a reasonable and articulable suspicion than an individual is involved in criminal activity. UnitedStates v. Cortez (1981) 449 U.S. 411. In determining whether a stop is proper, a court must view that stop in light of the totality of the surrounding circumstances. State v. Freeman (1980), 64 Ohio St.2d 291, paragraph one of the syllabus.
Several Ohio courts of appeal have included the "reasonable articulable suspicion" standard as part of the analysis when determining whether to uphold a license suspension in an administrative license suspension hearing. Watford v. Bureau of Motor Vehicles (1996) 110 Ohio App.3d 499,502-503; State v. Meenach (Oct. 28, 1996) Richard App. No. 96 CA 13, unreported; State v. Arnold (Jan. 6, 1995) Delaware App. No. 94CA-C-07-019, unreported. In our view, although not explicitly set out in case law or statutory definition, "reasonable ground" is the equivalent of "reasonable articulable suspicion." Therefore, the trial court's interpretation and application of the "reasonable articulable suspicion" standard was proper. Accordingly, appellant's sole assignment of error is not well taken.
The judgment of the Bowling Green Municipal Court is affirmed. The cost of this appeal is assessed to appellant.
Melvin L. Resnick, J., George M. Glasser, J., JUDGES CONCUR.
 ____________________________ SHERCK, J.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.