OPINION
On May 2, 1999 at approximately 1:00 a.m., appellee, Richard D. Robeson, was involved in a motorcycle accident on state route 261 in Franklin Township, Portage County, Ohio. As a result of the accident, appellee was charged with: driving under the influence, in violation of R.C. 4511.19(A)(1); operating a motorcycle without a proper endorsement, in violation of R.C. 4507.02(A); and, failure to control the motorcycle, in violation of R.C. 4511.202. A hearing was held on May 17, 1999 on appellee's appeal of his administrative license suspension ("ALS"). From the testimony at the hearing, we deduce the facts as follows.
On the evening in question, Ohio State Trooper John D. Hromiak observed the single taillight of a motorcycle on the west side of route 261. Trooper Hromiak activated his overhead light and turned around to stop the motorcycle. He observed that the motorcycle had a single rider. At that time, he observed appellee on the west side of route 261 leaning over his motorcycle and believed that he had been involved in a motorcycle accident. He decided to let the other motorcycle proceed and to stop and investigate appellee.
Trooper Hromiak asked appellee what happened, to which he responded "there was a wreck." Appellee said that his friend was driving, not he, and that his friend had left on the other motorcycle, on which Trooper Hromiak had noticed only one rider. Trooper Hromiak smelled a strong odor of alcohol coming from appellee and appellee was walking slowly and deliberately. Appellee admitted that he had "too much to drink."
Because appellee was bleeding, Trooper Hromiak called for an emergency squad to transport appellee to a hospital. He also called for backup and turned the investigation over to Ohio State Trooper Richard T. Sprague, who accompanied appellee to the hospital. Trooper Sprague also smelled a strong odor of alcohol coming from appellee and observed that appellee's eyes were bloodshot and glassy. At the hearing, he testified that he did not place appellee under arrest, but only issued a citation. In the hospital at about 2:00 a.m., Trooper Sprague read appellee an implied consent form, informing him that he was required to submit a blood test or was subject to suspension of his driver's license. Appellee refused to provide Trooper Sprague with a blood sample and his driver's license was suspended.
On January 21, 2000, the trial court ruled that appellee's license should not have been suspended because the officer did not have reasonable grounds to believe that a violation had been committed before requesting the blood test. The court reasoned that the state was unable to prove that appellee was the operator of the motorcycle and did not prove the exact time of the accident and, thus, could not establish that it had requested a blood sample within two hours of the operation of the motorcycle.
The state appeals[1] and raises the following assignment of error:
 "The trial court erred when it granted appellee's ALS appeal, because appellee failed to establish by a preponderance of the evidence that the officer did not have reasonable grounds to believe that appellee was under the influence of alcohol."
 The state argues that the evidence showed that Officer Hromiak had reasonable grounds to believe that appellee had been operating the motorcycle when it crashed and that it was unnecessary for the state to establish that appellee had operated a motorcycle within two hours of the crash. We will address neither of these issues because the fact that appellee was never under arrest is dispositive of the appeal.
"Ohio's implied consent statute, R.C. 4511.191, provides that a person under arrest for driving under the influence of alcohol is deemed to consent to a chemical test at the request of a police officer who has reasonable grounds to believe that the person was operating a vehicle under the influence." State v. Koziol (Aug. 29, 1997), Lake App. No. 96-L-193, 1997 Ohio App. LEXIS 3877, unreported at *12-13. Lawful arrest must take place before refusal to submit to chemical tests of one's blood, breath, urine, or other bodily substances triggers license suspension. Watford v. Ohio Bur. of Motor Vehicles (1996),110 Ohio App.3d 499, 502, 674 N.E.2d 776. Thus, we must determine if appellee had been placed under arrest.
An arrest exists only if there is an intent by the officer to arrest a suspect, under real or pretended authority, accompanied by an actual or constructive seizure or detention of the person, which is understood by the person arrested. State v. Barker (1978), 53 Ohio St.2d 135,372 N.E.2d 1324, paragraph one of the syllabus. In the instant case, Trooper Sprague testified that appellee was not under arrest at any time. Thus, appellee's refusal to submit to a blood test did not trigger the suspension of his license. The state's assignment of error is without merit.
For the foregoing reasons, the judgment of the trial court is affirmed on other grounds.
 ____________________________ JUDGE ROBERT A. NADER
FORD, P.J., CHRISTLEY, J., concur.
[1] We have previously ruled that the trial court's order sustaining appellee's ALS appeal is a final, appealable order. Appellee has filed no appellate brief in this matter.