[Cite as *State v. McKenzie*, **2017-Ohio-9138.**]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 28716 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| BRANDON S. MCKENZIE | AKRON MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
| Appellee | CASE No. 17 TRC 04945 |

DECISION AND JOURNAL ENTRY

Dated: December 20, 2017

CALLAHAN, Judge.

{¶1} Appellant, State of Ohio, appeals from the judgment entered by the Akron Municipal Court, which granted Brandon McKenzie's motion to vacate his administrative license suspension ("ALS"). This Court reverses and remands.

I.

{¶2} Mr. McKenzie was arrested for two counts of operating a vehicle under the influence of alcohol or drugs ("OVI") and other offenses that are not relevant to this appeal. Because he refused to submit to chemical testing, Mr. McKenzie was issued an administrative license suspension. An ALS appeal hearing was never held. After a jury found Mr. McKenzie not guilty of the two OVI offenses, he filed a motion to vacate the ALS. The trial court granted the motion on June 14, 2017, which was the same day the motion was filed. The State subsequently filed a response, which the trial court found moot. The State now appeals, raising three assignments of error.

II.

## ASSIGNMENT OF ERROR ONE

THE TRIAL COURT'S ORDER VACATING MR. MCKENZIE'S ALS WAS VOID BECAUSE THE TRIAL COURT LACKED JURISDICTION OVER HIS ALS DUE TO HIS FAILURE TO APPEAL THE ALS.

**{¶3}** In its first assignment of error, the State argues that, because Mr. McKenzie did not file a timely appeal of his ALS, the trial court lacked jurisdiction to rule on his motion and the order vacating the ALS is void. This Court disagrees.

**{¶4}** Initially, we note that Mr. McKenzie has failed to file an appellate brief in this appeal. Thus, "[p]ursuant to App.R. 18(C), this Court may accept the [State's] statement of the facts and issues as presented in [its] brief as correct and reverse the judgment of the trial court if [the State's] brief reasonably appears to sustain such action." *Bank of New York v. Smith,* 9th Dist. Summit No. 21534, 2003-Ohio-4633, ¶ 2.

**{¶5}** "Challenges to a trial court's jurisdiction present questions of law and are reviewed by this Court de novo." (Citations and quotations omitted). *Wells Fargo Bank, NA v. Vasquez*, 9th Dist. Medina No. 13CA0086-M, 2015-Ohio-717, ¶ 16.

**{¶6}** "Pursuant to R.C. 4511.191(B), the Bureau of Motor Vehicles [] imposes a suspension upon a person who is arrested for OVI and who refuses to take the chemical test or who tests above the prohibited alcohol level." *State v. Hollaender,* 9th Dist. Wayne Nos. 12CA0040, 13CA0006, 2014-Ohio-1782, ¶ 14. However, this ALS may be appealed.

**{¶7}** R.C. 4511.197(A) provides that a person may appeal from an ALS "at the person's initial appearance on the charge resulting from the arrest or within the period ending thirty days after the person's initial appearance on that charge, in the court in which the person will appear on that charge."

{¶8} While the record does not contain a written motion by Mr. McKenzie appealing his ALS, it does contain the March 30, 2017 judgment entry titled "Appeal of Administrative License Suspension" in which the court indicated that Mr. McKenzie "appeared for initial appearance within the 30 day period provided by R[.]C[.] 4511.197 and [] moved that the court continue with the appeal," and that "[t]he court finds that the motion [i]s well taken." The entry further provided that "[t]he suspension of the defendant's driving privileges continues in force pending further hearing by the court." The record does not reflect that an appeal hearing was ever held.

{¶9} This Court has previously held that a licensee/defendant may appeal an ALS by oral motion. *See Grafton v. Huffman*, 9th Dist. Lorain No. 01CA007876, 2001 Ohio App. LEXIS 4954, *3 (Nov. 7, 2001). The State has not addressed whether this Court's finding on that issue remains viable in light of the current statute. *See State v. Bennett*, 5th Dist. Licking No. 09-CA-35, 2009-Ohio-4898, ¶ 19-20 (holding that an oral motion does not comply with R.C. 4511.197, which requires a written request for an ALS appeal to be "file[d]").

{¶10} The State has not provided this Court with a transcript of the proceedings or a statement of the proceedings pursuant to App.R. 9(C) or (D), from Mr. McKenzie's initial appearance. Because, implicit in the language of the trial court's March 30, 2017 journal entry is that Mr. McKenzie did appeal his ALS, and without evidence to the contrary from Mr. McKenzie's initial appearance, this Court must presume that the record is correct, i.e., that Mr. McKenzie appealed his ALS. *See Huffman* at *3-4.

{¶11} Therefore, the trial court did not lack jurisdiction over Mr. McKenzie's ALS appeal. The State's first assignment of error is overruled.

**ASSIGNMENT OF ERROR TWO**

THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT VACATED MR. MCKENZIE'S ALS ON AN IMPERMISSIBLE BASIS.

{¶12} In its second assignment of error, the State argues that the trial court erred in granting Mr. McKenzie's motion to vacate his ALS on the basis that he had been found not guilty of the related OVI charges. This Court agrees.

{¶13} This Court reviews legal issues de novo. *See Plazzo v. Nationwide Mut. Ins. Co.,* 9th Dist. Summit No. 15370, 1992 Ohio App. LEXIS 3297, *3 (June 24, 1992).

{¶14} R.C. 4511.191(D)(1) addresses an ALS "for the time described in division (B)" and provides that "[a]ny subsequent finding that the person is not guilty of the charge that resulted in the person being requested to take the chemical test or tests under division (A) of this section does not affect the suspension."

{¶15} R.C. 4511.197(D) addresses "[a] person who appeals" an ALS and provides that:

 [i]f the suspension was imposed under division (B)(1) of section 4511.191 of the Revised Code and it is continued under this section, any subsequent finding that the person is not guilty of the charge that resulted in the person being requested to take the chemical test or tests under division (A) of section 4511.191 of the Revised Code does not terminate or otherwise affect the suspension.

{¶16} R.C. 4511.191(B)(1) provides, in pertinent part:

Upon receipt of the sworn report of a law enforcement officer who arrested a person for a violation of division (A) or (B) of section 4511.19 of the Revised Code * * * that was completed and sent to the registrar of motor vehicles and a court pursuant to section 4511.192 of the Revised Code in regard to a person who refused to take the designated chemical test, the registrar shall enter into the registrar's records the fact that the person's driver's or commercial driver's license or permit or nonresident operating privilege was suspended * * * .

{¶17} Mr. McKenzie was cited for OVI, in violation of R.C. 4511.19(A)(1)(a) and OVI refusal, in violation of R.C. 4511.19(A)(2). The record contains the completed court's copy of the requisite Form 2255 indicating Mr. McKenzie's refusal to take chemical tests (breath or

urine), as required by R.C. 4511.191(A). As a consequence, Mr. McKenzie's driver's license was suspended pursuant to R.C. 4511.191(B)(1). The trial court continued Mr. McKenzie's ALS at his initial appearance, but no appeal hearing was ever held.

{¶18} Therefore, in accordance with both R.C. 4511.191(D)(1) and R.C. 4511.197(D), the finding of not guilty on the OVI offenses did not affect Mr. McKenzie's suspension.

{¶19} Further, the trial court's reliance on the fact that it "made no finding that a breath test was refused, and there was no breath test submitted more than .08" was also misplaced as those issues fell within the scope of R.C. 4511.197(C)(4)(a) and (b) and could only have been addressed during an ALS appeal hearing.

{¶20} In accordance with the clear language of R.C. 4511.191(D)(1) and R.C. 4511.197(D), Mr. McKenzie's acquittal on the OVI offenses did not terminate or otherwise affect his suspension. The trial court erred, as a matter of law, by vacating Mr. McKenzie's ALS. The State's second assignment of error is sustained.

## ASSIGNMENT OF ERROR THREE

THE TRIAL COURT ERRED IN GRANTING MR. MCKENZIE'S MOTION WITHOUT PERMITTING THE STATE AN OPPORTUNITY TO RESPOND.

{¶21} Based on this Court's resolution of the State's second assignment of error, its third assignment of error is moot and will not be addressed. *See* App.R. 12(A)(1)(c).

III.

{¶22} The State's second assignment of error is sustained. Its first assignment of error is overruled and its third assignment of error is moot. This Court reverses the decision of the Akron Municipal Court and remands this matter with instructions that the trial court vacate its June 14, 2017 entry and reinstate the ALS.

6

Judgment reversed
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

LYNNE S. CALLAHAN
FOR THE COURT

SCHAFER, P. J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

EVE V. BELFANCE, Director of Law, GERTRUDE E. WILMS, Chief Prosecutor, and BRIAN D. BREMER, Assistant Director of Law, for Appellant.

ELI HELLER, Attorney at Law, for Appellee.