[Cite as *State v. J.P.*, 2020-Ohio-1188.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | | |

STATE OF OHIO

      Appellant

      v.

J. P.

      Appellee

C.A. No.     19CA0039-M


APPEAL FROM JUDGMENT
ENTERED IN THE
WADSWORTH MUNICIPAL COURT
COUNTY OF MEDINA, OHIO
CASE No.    18TRC04004

DECISION AND JOURNAL ENTRY

Dated: March 30, 2020

---

CALLAHAN, Presiding Judge.

{¶1} Appellant, the State of Ohio, appeals an order that terminated an administrative license suspension. This Court vacates the trial court's order.

I.

{¶2} On October 20, 2018, J.P. was arrested and charged with driving under the influence of alcohol in violation of R.C. 4511.19(A)(1). J.P. refused to take a breathalyzer test at the time of his arrest, and the arresting officer placed him under an administrative license suspension ("ALS") pursuant to R.C. 4511.191(B). J.P. filed a motion for occupational driving privileges, but he did not appeal the ALS as contemplated by R.C. 4511.197(A). On January 25, 2019, J.P. moved to suppress all of the evidence gained as a result of his stop and arrest, arguing that the officer lacked reasonable suspicion justifying the stop, that the officer arrested him without probable cause, and that the officer administered field sobriety tests "in a highly improper and

prejudicial manner." The trial court granted the motion to suppress, concluding that the officer lacked probable cause to arrest J.P. for driving under the influence of alcohol.

{¶3} As a result of the trial court's ruling on the motion to suppress, the State moved to dismiss the charge against J.P. without prejudice under Crim.R. 48(A). The trial court granted the motion and, shortly thereafter, J.P. moved to terminate the ALS. After conducting a hearing, the trial court terminated J.P.'s ALS, and the State filed this appeal.

II.

## ASSIGNMENT OF ERROR NO. 1

THE TRIAL COURT ISSUED A VOID ORDER WHEN IT ACTED OUTSIDE OF ITS JURISDICTION AND DISMISSED THE ADMINISTRATIVE LICENSE SUSPENSION. (TR. PASSIM).

{¶4} The State's first assignment of error argues that the trial court acted without jurisdiction when it terminated J.P.'s ALS in the absence of a timely appeal. This Court agrees.

{¶5} Under R.C. 4511.191(B), the driver's license of any individual who has been arrested for violating R.C. 4511.19(A) or (B) is suspended if the individual refuses to consent to a chemical test to determine the concentration of alcohol in the individual's blood, blood serum or plasma, breath, or urine. *See also* R.C. 4511.191(A)(2) (providing that "[a]ny person who operates a vehicle * * * upon a highway * * * or who is in physical control of a vehicle * * * shall be deemed to have given consent" to chemical testing if arrested for violating R.C. 4511.19(A) or (B) or a similar ordinance). "An administrative license suspension and a criminal prosecution for operating a vehicle under the influence which arise from the same arrest are separate proceedings." *State v. Willard*, 9th Dist. Medina No. 04CA0045-M, 2005-Ohio-1627, ¶ 8, citing *Hoban v. Rice*, 25 Ohio St.2d 111 (1971), paragraph one of the syllabus. *See also State v. Gustafson*, 76 Ohio St.3d 425 (1996), paragraph two of the syllabus. An individual who wants to challenge the

imposition of an ALS must do so by "appeal[ing] the suspension at the person's initial appearance on the charge resulting from the arrest or within the period ending thirty days after the person's initial appearance on that charge, in the court in which the person will appear on that charge." R.C. 4511.197(A). The timelines set forth in R.C. 4511.197 are jurisdictional and, therefore, a trial court does not have jurisdiction to consider an untimely ALS appeal. *Westlake v. Pesta*, 8th Dist. Cuyahoga No. 92150, 2009-Ohio-4713, ¶ 5; *State v. Derov*, 7th Dist. Mahoning No. 08 MA 189, 2009-Ohio-4810, ¶ 10-11.

{¶6} J.P.'s motion to terminate the ALS argued that because the trial court had determined that he was arrested without probable cause, the ALS was imposed without reasonable grounds to believe that he was in violation of R.C. 4511.19(A) or (B). *See* R.C. 4511.191(A)(3). "'Reasonable grounds' is substantially equivalent to probable cause, because 'a lawful arrest, including a constitutional stop, must take place before a refusal to submit to chemical tests of one's blood, breath, urine or other bodily substances triggers a license suspension.'" *Findlay v. Jackson*, 3d Dist. Hancock No. 5-14-02, 2014-Ohio-5202, ¶ 27, quoting *Watford v. Ohio Bur. of Motor Vehicles*, 110 Ohio App.3d 499, 502 (8th Dist.1996). The existence of reasonable grounds is properly challenged through an appeal of the ALS. R.C. 4511.197(C)(1). *See also Jackson* at ¶ 40-44; *Derov* at ¶ 15-23. J.P., however, did not appeal the ALS.[1] To the extent that his motion to *terminate* the ALS based on reasonable grounds could be considered an appeal, it was untimely.

---

[1] For this reason, this case is distinguishable from *State v. McKenzie*, 9th Dist. Summit No. 28716, 2017-Ohio-9138, ¶ 8-11, and *Grafton v. Huffman*, 9th Dist. Lorain Nos. 01CA007876, 01CA007868, 2001 WL 1379442, *1 (Nov. 7, 2001). In those cases, this Court concluded, upon reviewing the record, that the defendants had orally appealed an ALS. This Court declined to address the assignments of error at issue in this appeal on that basis. The record in this case does not indicate that J.P. appealed the ALS, either orally or in writing.

*See* R.C. 4511.197(A).  The trial court, therefore, lacked jurisdiction to consider the motion and terminate the ALS.  *See Pesta*, 2009-Ohio-4713, at ¶ 5; *Derov*, 2009-Ohio-4810, at ¶ 10-11.

{¶7}    The State's first assignment of error is sustained.

### ASSIGNMENT OF ERROR NO. 2

THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT TERMINATED THE ADMINISTRATIVE LICENSE SUSPENSION ON IMPERMISSIBLE GROUNDS.

{¶8}    In its second assignment of error, the State argues that the trial court erred by terminating the ALS after the State moved to dismiss the charges.  In light of our resolution of the State's first assignment of error, the second assignment of error is moot.  *See* App.R. 12(A)(1)(c).

III.

{¶9}    The State's first assignment of error is sustained.  The State's second assignment of error is moot.  The judgment of the Wadsworth Municipal Court is vacated, and this matter is remanded for proceedings consistent with this opinion.

Judgment vacated
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wadsworth Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
LYNNE S. CALLAHAN
FOR THE COURT

SCHAFER, J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

KRISTOPHER IMMEL, Attorney at Law, for Appellant.

TIMOTHY KUCHARSKI, Attorney at Law, for Appellee.