[Cite as *Shaker Hts. v Jones*, 2024-Ohio-830.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CITY OF SHAKER HEIGHTS,   :

    Plaintiff-Appellee,   :

                                        No. 112988

    v.   :

ISSAC JONES,   :

    Defendant-Appellant.   :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 7, 2024

---

Civil Appeal from the Shaker Heights Municipal Court
Case No. 23TRC00027

---

### *Appearances:*

C. Randolph Keller, City of Shaker Heights Chief Prosecutor, *for appellee.*

Issac Jones, *pro se.*

LISA B. FORBES, J.:

{¶ 1} This appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc.App.R. 11.1. The purpose of an accelerated appeal is to allow an appellate court to render a brief and conclusory decision. *E.g.*, *Univ. Hts. v. Johanan*, 8th Dist. Cuyahoga No. 110887, 2022-Ohio-2578, ¶ 1; *State v. Trone*, 8th

Dist. Cuyahoga Nos. 108952 and 108966, 2020-Ohio-384, ¶ 1; citing *State v. Priest*, 8th Dist. Cuyahoga No. 100614, 2014-Ohio-1735, ¶ 1; *see also* App.R. 11.1(E).

{¶ 2} Defendant-appellant Issac Jones appeals the municipal court's order dismissing his appeal of an administrative license suspension entered by the Ohio Bureau of Motor Vehicles ("BMV"). For the reasons that follow, we affirm.

## I. Factual Background and Procedural History

{¶ 3} On February 8, 2023, Shaker Heights police arrested Jones for allegedly operating a vehicle (1) while under the influence of alcohol and (2) without exercising reasonable and ordinary control over the vehicle, in violation of Shaker Heights Codified Ordinances 1133.01(a)(1)(A) and 1131.34(a). After being informed that his license would be administratively suspended if he refused to take a chemical test for alcohol after his arrest, Jones refused the chemical test.

{¶ 4} On February 15, 2023, Jones made his initial appearance in Shaker Heights Municipal Court and pleaded not guilty. On March 15, 2023, the BMV issued a notice to Jones informing him that his driver's license had been administratively suspended for refusing to take a chemical test for alcohol on February 8.

{¶ 5} On June 20, 2023, Jones filed a document in his criminal case in the municipal court that was styled as a "motion for termination of ALS suspension." The municipal court construed the motion as an appeal of the BMV's administrative license suspension. On June 22, 2023, the municipal court dismissed the appeal,

reasoning that it lacked jurisdiction to consider the appeal because the appeal was not timely filed.

{¶ 6} Jones appealed the municipal court's dismissal order, raising the following assignments of error for review:

> First Assignment of Error: [T]he trial court failed to vacate the ALS because the arresting officer incorrectly filled out the BMV 2255 form.
>
> Second Assignment of Error: [T]he trial court failed to vacate the ALS when the officer failed to comply with the mandatory requirements established by R.C. 4511.192.
>
> Third Assignment of Error: [T]he trial court failed to vacate the ALS because the state violated the Due Process rights of the Defendant, when the Defendant was unable to appeal the ALS at the initial court appearance due to no suspension being implemented.
>
> Fourth Assignment of Error: [T]he trial court failed to vacate the ALS by not filing the form with the BMV within the 48-hour time frame stipulated by R.C. 4511.192(D)(1)(d) and (E).

## II. Law and Analysis

{¶ 7} Jones contends that the trial court erred by dismissing his ALS appeal because, he says, he presented numerous meritorious arguments for vacating the ALS. The state responds that the trial court lacked jurisdiction to consider Jones's challenge to the ALS and, further, contends that his assignments of error are substantively meritless. We do not reach the substance of Jones's arguments in this accelerated case because we conclude, at the outset, that Jones failed to comply with the statutory deadline for filing an ALS appeal. The trial court's dismissal order can be affirmed on that basis alone.

{¶ 8} A person, by exercising physical control of a vehicle, gives implied consent under Ohio law to undergo chemical testing for alcohol and controlled substances if the person is arrested for operating a vehicle while under the influence of alcohol or drugs. *See* R.C. 4511.191(A)(2). Having given this consent, if a person then refuses to undergo a designated chemical test upon arrest, the person's driver's license is subject to an administrative suspension. *See* R.C. 4511.191(B). This administrative license suspension — the "ALS" — is subject to appeal as provided in R.C. 4511.197. R.C. 4511.191(B)(1).

{¶ 9} That statute provides, in relevant part, that a person "may appeal the suspension at the person's initial appearance on the charge resulting from the arrest or within the period ending thirty days after the person's initial appearance on that charge, in the court in which the person will appear on that charge." R.C. 4511.197(A). Jones failed to appeal the ALS at his initial appearance or in the thirty days following the initial appearance. While he complains that various circumstances excuse his delay, including that the officer allegedly did not transmit the suspension form to the BMV in a timely manner and that the BMV sent a notice to him only after his initial appearance, we need not dwell on these allegations because Jones's appeal was untimely even if we were to start the clock when he received the BMV's notice in March. Even after receiving this notice, Jones waited three months to file his appeal.

{¶ 10} This court and others have routinely affirmed the dismissal of ALS appeals when the person appealing failed to comply with the statutory deadline for

instituting the appeal in the trial court.  *E.g.*, *Westlake v. Pesta*, 8th Dist. Cuyahoga No. 92150, 2009-Ohio-4713, ¶ 5, 11; *State v. Derov*, 7th Dist. Mahoning No. 08 MA 189, 2009-Ohio-4810, ¶ 14; *cf. State v. J.P.*, 9th Dist. Medina No. 19CA0039-M, 2020-Ohio-1188, ¶ 6 (vacating an order terminating an ALS when the person appealing had filed an untimely appeal).  Jones failed to file a timely appeal of the administrative license suspension imposed on him, and he waited three months after receiving the BMV's mailed notice of his suspension before attempting to appeal it.  It cannot be said that the trial court's dismissal was erroneous or a denial of due process under these circumstances.  We, therefore, overrule Jones's assignments of error.

{¶ 11} Judgment affirmed.

It is ordered that the appellee recover from the appellant the costs herein taxed.

It is ordered that a special mandate issue out of this court directing the Shaker Heights Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, JUDGE

KATHLEEN ANN KEOUGH, A.J., and
ANITA LASTER MAYS, J., CONCUR