[Cite as *In re R.G.*, 2021-Ohio-93.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

IN RE: R.G.

C.A. No.      20AP0012

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No.      2017 JUV-G 000897

DECISION AND JOURNAL ENTRY

Dated: January 19, 2021

---

SCHAFER, Judge.

{¶1} Appellant Mother appeals the judgment of the Wayne County Court of Common Pleas, Juvenile Division, that awarded visitation to appellees, the maternal grandmother ("Grandmother") and her now-husband. This Court vacates the judgment.

I.

{¶2} Mother is the biological mother of R.G. (d.o.b. 1/29/16). The biological father is unknown, and Mother was not married at the time of the child's birth. Shortly after R.G. was born, he and Mother moved into the home shared by Grandmother and her then-live-in boyfriend ("E.B"). When Mother announced approximately a year and a half later that she was moving out and taking her child with her, Grandmother and her boyfriend asked Mother to agree in writing to give them liberal visitation time with the child. They admitted that they told Mother that they would seek custody of R.G. if Mother refused their request for visitation.

{¶3} E.B., who is an attorney, immediately drafted a visitation agreement and presented it to Mother upon her return from running errands. Grandmother had arranged to have a notary present to witness Mother's signature. Within hours of Mother's announcement that she was moving out, E.B, Grandmother, and Mother had all signed the agreement, which gave Grandmother and E.B. nearly every day physical contact with the child, as well as multiple overnight visits each month.

{¶4} In September 2017, Mother, Grandmother, and E.B., in their pro se capacities, filed a "joint motion" in the Wayne County Juvenile Court for an order recognizing grandparents' companionship rights. Appended to the motion were the previously executed visitation agreement, Mother's affidavit in support of the motion, and Mother's power of attorney allowing Grandmother and E.B. to exercise all rights Mother had regarding R.G. except those involving changes of custody and adoption.

{¶5} At the first pre-trial, Mother asked the magistrate if she could change her mind regarding companionship for Grandmother and E.B. Given Mother's hesitancy, the magistrate scheduled the matter for a second pre-trial. Two months later, Mother remained uncomfortable with the prospect of court-ordered visitation for Grandmother and E.B. The magistrate, therefore, scheduled a hearing, but issued an interim order that mirrored the terms of the visitation agreement. A couple weeks later, Grandmother and E.B. married after 16 years together.

{¶6} Three months later, the magistrate heard the sworn testimony of Mother, Grandmother, and E.B. Although Mother continued to protest the need for court-ordered visitation, as well as the vast amount of time R.G. would be out of her physical custody, she ultimately acquiesced, indicating that Grandmother and E.B. would pursue the matter until they finally got what they wanted. The magistrate found that the parties understood the agreement and

recommended its adoption. The juvenile court judge adopted the magistrate's decision and the companionship agreement as the order of the court. The case was docketed closed.

{¶7} Eight months later, for the first time represented by counsel, Mother filed a motion to vacate the judgment as void ab initio for lack of subject matter jurisdiction. In the alternative, she moved to modify Grandmother's and E.B.'s companionship time. Mother also revoked her prior power of attorney. Grandmother and E.B., through counsel, opposed Mother's motions.

{¶8} By order, the magistrate concluded that the juvenile court had subject matter jurisdiction, denied Mother's motion to vacate, and scheduled a hearing on Mother's motion to modify visitation. Mother moved to set aside the magistrate's order. The juvenile court denied that motion.

{¶9} The depositions of Mother, Grandmother, and E.B. were filed with the court. The magistrate appointed a guardian ad litem for the child. A hearing on Mother's motion to modify visitation was conducted over three days spanning multiple months. The guardian ad litem recommended terminating the expansive companionship agreement and instead allowing Grandmother and E.B. to visit with R.G. one weekend per month. In addition, the guardian ad litem recommended various assessments and counseling for the adults involved with the child based on the issues and interpersonal relationships demonstrated by the evidence and her investigation.

{¶10} The magistrate issued a decision granting Mother's motion to modify Grandmother's and E.B.'s companionship with the child, but not as Mother requested. Instead, the magistrate maintained an expansive visitation schedule for Grandmother and E.B., including one-half of the child's winter break and four weeks during the summer. Mother timely objected, again challenging the Wayne County Juvenile Court's subject matter jurisdiction to address the

case, and further arguing that the original agreement was unenforceable due to coercion, duress, and overreaching; that the order unconstitutionally infringed on Mother's fundamental rights; and that the evidence did not support the companionship order. Grandmother and E.B. opposed Mother's objections. The juvenile court issued a judgment in which it overruled all of Mother's objections. The trial court concluded that it had subject matter jurisdiction; that the magistrate properly considered all matters before her; that there was no duress, coercion, or overreaching in the original companionship agreement; and that the evidence supported an expansive visitation order for Grandmother and E.B.

{¶11} Mother filed a timely appeal. Although she presents three assignments of error for review, Mother's first assigned error is dispositive and warrants vacating the judgment.

II.

**ASSIGNMENT OF ERROR I**

The trial court erred as a matter of law by finding that it had jurisdiction over a new grandparent visitation action to issue Judgment Entries and Orders in Wayne County Juvenile Court[.]

{¶12} Mother argues that the Wayne County Juvenile Court lacked subject matter jurisdiction to address Grandmother's and E.B.'s case seeking grandparent visitation. This Court agrees.

{¶13} "The juvenile court's determination regarding its subject matter jurisdiction implicates a question of law which this Court reviews de novo." *In re J.L.M.*, 9th Dist. Summit No. 28867, 2018-Ohio-2175, ¶ 9, citing *Lorain Cty. Children Servs. v. Gossick*, 9th Dist. Lorain No. 13CA010476, 2014-Ohio-3865, ¶ 10. This appeal considers whether the Wayne County Juvenile Court possesses the subject matter jurisdiction regarding the class of cases which address

the determination of an award of "grandparent" visitation pursuant to R.C. 3109.12(A), which provides in relevant part:

> If a child is born to an unmarried woman, the parents of the woman and any relative of the woman may file a complaint requesting the court of common pleas of the county in which the child resides to grant them reasonable companionship or visitation rights with the child.

{¶14} "'Subject matter jurisdiction of a court connotes the power to hear and decide a case upon its merits' and 'defines the competency of a court to render a valid judgment in a particular action.'" *Cheap Escape Co., Inc. v. Haddox, LLC*, 120 Ohio St.3d 493, 2008-Ohio-6323, ¶ 6, quoting *Morrison v. Steiner*, 32 Ohio St.2d 86, 87 (1972). Even where a court possesses subject matter jurisdiction, "'[i]t is an elementary concept of law that a party lacks standing to invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the subject matter of the action.'" *Wells Fargo Bank, N.A. v. Horn*, 142 Ohio St.3d 416, 2015-Ohio-1484, ¶ 8, quoting *State ex rel. Dallman v. Franklin Cty. Court of Common Pleas*, 35 Ohio St.2d 176, 179 (1973). Although standing does not confer subject matter jurisdiction, "'a party's lack of standing vitiates the party's ability to invoke the jurisdiction of a court – even a court of competent subject-matter jurisdiction – over the party's attempted action.'" *Horn* at ¶ 8, quoting *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, ¶ 22. Accordingly, a party must have standing at the time of the commencement of the action to pursue his desired relief.

{¶15} Grandmother and E.B. sought companionship with R.G. as the child's grandparents pursuant to R.C. 3109.12(A). There is no dispute that Grandmother is Mother's parent and, therefore, had standing to seek visitation with the child. There is also no dispute that when E.B. married Grandmother, he became Mother's stepfather. Even assuming, without deciding, that a

stepfather is a "relative" within the purview of R.C. 3109.12(A), E.B. lacked standing to invoke the subject matter jurisdiction of the juvenile court, if any existed in this case.

{¶16} When the parties attempted to commence the case below, Grandmother and E.B. were not yet married. In fact, they did not marry until almost four months later. Once E.B. became the child's step-grandfather, however, he never moved to intervene in the action below. Accordingly, even if he might have acquired standing to pursue companionship with R.G. after marrying Grandmother, E.B. did not have the requisite legal interest at the time the action was initiated, and he did not seek to become a party once he acquired such an interest. As E.B. failed to invoke the jurisdiction of the juvenile court based on his initial lack of standing and never attained party status below, this Court is constrained to recognize only Mother and Grandmother as parties to this appeal.

{¶17} The next issue is whether Grandmother invoked the jurisdiction of the juvenile court when she attempted to initiate the action by filing a motion for grandparent companionship, as opposed to a complaint. Civ.R. 1 and Juv.R. 45 provide for the application of the Ohio Rules of Civil Procedure in juvenile proceedings unless they are clearly inapplicable. *See In re H.W.*, 114 Ohio St.3d 65, 2007-Ohio-2879, ¶ 11. Civ.R. 3(A) requires the filing of a complaint to initiate a civil action. Pursuant to Juv.R. 2(F), a "complaint" is "the legal document that sets forth the allegations that form the basis for juvenile court jurisdiction."

{¶18} Although "[a] civil action is commenced only by filing a complaint * * *", this Court recognizes that an otherwise captioned "document might be construed as a complaint if it satisfies the basic pleading requirements * * *[,] contain[ing] 'a short and plain statement of the claim showing that the party is entitled to relief' and a demand for judgment [pursuant to Civ.R. 8(A)]." *Fellmeth v. Cravens*, 9th Dist. Summit No. 18602, 1998 WL 178559, *2 (Apr. 15, 1998).

We need not determine, however, whether the initial motion for an order recognizing grandparent companionship rights might render the judgment voidable in this case because "[f]ailure to invoke the jurisdiction of the trial court by the filing of a complaint is a jurisdictional defect that will be waived if not timely raised." *Fellmeth* at *3. In *Fellmeth*, we were clear that the initiation of an action by a document other than a complaint did not implicate the trial court's subject matter jurisdiction, but rather merely the jurisdiction over that particular case. *Id.* at *2, citing *State v. Swiger*, 125 Ohio App.3d 456, 462 (9th Dist.1998). Accordingly, "[i]f the opposing party proceeds as if an action had been properly commenced, and responds on the merits of the dispute without challenging the jurisdictional defect, he waives his right to raise it later." *Fellmeth* at *3.

{¶19} Assuming, without deciding, that the motion for grandparent companionship was sufficient to be construed as a complaint, Mother waived her right to challenge the juvenile court's jurisdiction over the particular case initiated. As Mother did not challenge this specific jurisdictional defect below, she has not preserved the issue of the judgment's voidability on appeal.

{¶20} This does not end the inquiry regarding the Wayne County Juvenile Court's subject matter jurisdiction over grandparent visitation cases initiated pursuant to R.C. 3109.12(A), however. Based on the following analysis, this Court concludes that the juvenile court's judgment is void ab initio for lack of subject matter jurisdiction.

{¶21} "A juvenile court may exercise jurisdiction only if expressly granted the authority to do so by statute." *Rowell v. Smith*, 133 Ohio St.3d 288, 2012-Ohio-4313, ¶ 13; *See also* Ohio Constitution, Article IV, Section 4(B); *In re Gibson*, 61 Ohio St.3d 168, 172 (1991). R.C. 2151.23(A) and (B) enumerate the exclusive original and original jurisdiction of the juvenile court. In none of the 26 subsections of those provisions is visitation expressly mentioned. Although subsection (A)(2) confers subject matter jurisdiction on the juvenile court "to determine the

custody of any child not a ward of another court of this state[,]" the Ohio Supreme Court has long ago held that "[t]he complaint of a grandparent seeking only visitation with a grandchild may not be determined by the juvenile court pursuant to its authority to determine 'custody' of children under R.C. 2151.23(A)(2)." *In re Gibson* at syllabus.

{¶22} Grandmother cites to two cases out of the Fifth District Court of Appeals which held that the juvenile court had subject matter jurisdiction to address grandparent visitation cases. *See Rugola-Dye v. Dye*, 5th Dist. Delaware No. 08 CAF 06 0038, 2009-Ohio-2471, ¶ 24-27, and *Brunner v. Stark Cty. Dept. of Job and Family Servs.*, 5th Dist. Stark No. 2010CA00047, 2011-Ohio-271, ¶ 17-19. In *Rugola-Dye*, the parents challenged the Delaware County Juvenile Court's jurisdiction, arguing that their subsequent marriage divested the juvenile court of jurisdiction over R.C. 3109.12 grandparent visitation. *Id.* at ¶ 25. Citing R.C. 3109.12(B), which expressly provides that the parents' subsequent marriage does not impact the court's authority to address the relative visitation issue, the appellate court held that the juvenile court retained jurisdiction over the matter. *Id.* at ¶ 26-27. The parents did not, and could not, argue that jurisdiction lay with the Delaware County Domestic Relations Court instead, as no domestic relations division court existed in Delaware County until 2015. *See* R.C. 2301.03(EE), eff. Oct. 29, 2015. Accordingly, Grandmother's reliance on *Rugola-Dye* is misplaced.

{¶23} Neither is this Court persuaded by Grandmother's reference to *Brunner*. In that case, an aunt filed a complaint for visitation in the Stark County Juvenile Court when a dependency, neglect, abuse case was already pending regarding two children. *Id.* at ¶ 1-2. The juvenile court dismissed the visitation complaint as a "'backdoor'" attempt to circumvent the court's exclusive original jurisdiction after the aunt was denied intervention in the dependency action. *Id.* at ¶ 8. The Fifth District Court of Appeals reversed, relying on Juv.R. 13(B)(2)(c),

which allows a juvenile court to determine visitation rights in a pending dependency, neglect, abuse case. *Id.* at ¶ 14-19. We distinguish the instant case in which the Wayne County Juvenile Court's exclusive original jurisdiction was not first invoked via a dependency action. Moreover, we note that pursuant to R.C. 2301.03(H)(1), Stark County now utilizes a combined Family Court, which encompasses both domestic and juvenile courts. No such combined entity exists in Wayne County. Accordingly, the Wayne County Juvenile Court possesses subject matter jurisdiction only as accorded to it by statute.

{¶24} We likewise distinguish our own *In re J.L.M.*, 9th Dist. Summit No. 28867, 2018-Ohio-2175, cited by Grandmother. That case too originated as a dependency, neglect, abuse action. *Id.* at ¶ 2. After the children were adjudicated and the great grandparents were ultimately awarded legal custody of the children, the juvenile court closed the case. *Id.* at ¶ 3. A grandmother subsequently filed a motion for visitation with one of the children under the prior case number. *Id.* at ¶ 4. This Court held that the juvenile court properly exercised its continuing jurisdiction over the children pursuant to R.C. 2151.23(A)(1), which grants exclusive original jurisdiction to juvenile courts concerning children alleged to be dependent, neglected, or abused. *Id.* at ¶ 11. Significantly, we noted, however, that "the juvenile court has no jurisdiction to consider a grandparent's complaint solely for visitation brought pursuant to [R.C.] 2151.23(A)(2), which grants it exclusive original jurisdiction 'to determine custody of any child not a ward of another court of this state[.]'" *Id.*, citing *In re Gibson*, 61 Ohio St.3d at 171-173.

{¶25} Finally, we disagree with Grandmother's assertion that she had invoked the juvenile court's original jurisdiction pursuant to R.C. 2151.23(B)(7), which allows the juvenile court to receive documents designating a grandparent as attorney in fact regarding a child. Grandmother argues that her filing of Mother's power of attorney designating Grandmother as R.G.'s attorney

in fact effectively created concurrent subject matter jurisdiction regarding her request for visitation. She fails to argue, however, how this warehouse function of the juvenile court, whereby it is authorized merely to "receive fillings" solely including grandparent powers of attorney and caretaker authorization affidavits, constitutes an ongoing action regarding the child, so as to invoke the juvenile court's continuing jurisdiction over R.G. Moreover, the power of attorney was not filed independently, but rather was an attachment to the motion for visitation which was intended to initiate the case.

{¶26} Grandmother attempted to initiate a grandparent visitation action, evidenced by her one-branch motion for an order recognizing her companionship rights with R.G. There was no prior juvenile court case involving the child which implicated the court's continuing jurisdiction. The Ohio Supreme Court "has consistently held that grandparent visitation rights are purely statutory in nature[.]" *In re Martin*, 68 Ohio St.3d 250, 254 (1994), citing *In re Whitaker*, 36 Ohio St.3d 213 (1988), and *In re Adoption of Ridenour*, 61 Ohio St.3d 319 (1991). By its express language, R.C. 2151.23 accords no jurisdiction to the juvenile court to determine grandparent visitation actions initiated pursuant to R.C. 3109.12. The Ohio Supreme Court has rejected the proposition that R.C. 2151.23 accords implicit jurisdiction regarding grandparent visitation within the juvenile court's authority to determine child custody matters pursuant to subsection (A)(2). *Gibson*, 61 Ohio St.3d 168, at syllabus. As a juvenile court enjoys only that subject matter jurisdiction granted to it by statute, and there is no statutory authority accorded to the Wayne County Juvenile Court regarding grandparent visitation actions, that court lacked the authority to issue any orders arising out of Grandmother's request for grandparent visitation with R.G. Because the juvenile court proceeded in the absence of subject matter jurisdiction in the case

below, all orders emanating out of that case are void ab initio. Consequently, Mother's first assignment of error is sustained.

### ASSIGNMENT OF ERROR II

The trial court erred as a matter of law by failing to afford [Mother], the parent of the minor child, the requisite special weight for [Mother's] wishes and concerns thereby violating her Due-Process Rights and further violated those constitutional rights by imputing the burden on the parent rather than on the nonparent.

### ASSIGNMENT OF ERROR III

The trial court abused its discretion by ordering an unreasonable, excessive non-parent visitation schedule[ ] that is not in the child's best interests after ignoring [Mother's] wishes and concerns, imputing [Mother] the burden, disregarding important witnesses and critical facts, and finding the September 2, 2017 documents were freely executed by [Mother] without overreaching, coercion, and duress.

{¶27} In her remaining assignments of error, Mother argues that the juvenile court erred by granting Grandmother and E.B. companionship rights with R.G. Based on our resolution of the first assignment of error, Mother's second and third assignments of error have been rendered moot. Accordingly, we decline to address them. *See* App.R. 12(A)(1)(c).

### III.

{¶28} Mother's first assignment of error is sustained. We decline to address her remaining assignments of error. The judgment of the Wayne County Court of Common Pleas, Juvenile Division, being void ab initio, is vacated.

Judgment vacated.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JULIE A. SCHAFER
FOR THE COURT

CARR, P. J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

LEE M. GROSSCUP, Attorney at Law, for Appellant.

TODD E. CHEEK, Attorney at Law, for Appellee.