[Cite as *Univ. Hts. v. Johanan*, 2022-Ohio-2578.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

CITY OF UNIVERSITY HEIGHTS,  :

    Plaintiff-Appellee,  :

                         No. 110887

v.  :

JESSICA A. JOHANAN,  :

    Defendant-Appellant.  :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 28, 2022

---

Criminal Appeal from the Shaker Heights Municipal Court
Case No. 21-CRB-00394

---

### *Appearances:*

Nicola, Gudbranson & Cooper, L.L.C., and Michael E. Cicero, Prosecuting Attorney, City of University Heights, *for appellee.*

Jessica Johanan, *pro* se.

KATHLEEN ANN KEOUGH, J.:

{¶ 1} This appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc.App.R. 11.1. The purpose of an accelerated appeal is to allow an appellate court to render a brief and conclusory decision. *State v. Trone*, 8th Dist.

Cuyahoga Nos. 108952 and 108966, 2020-Ohio-384, ¶ 1, citing *State v. Priest*, 8th Dist. Cuyahoga No. 100614, 2014-Ohio-1735, ¶ 1.

**{¶ 2}** Defendant-appellant, Jessica Johanan, pro se, appeals from the trial court's judgment finding her guilty of cruelty to animals in violation of University Heights Codified Ordinances ("U.H.C.O.") 618.05(a)(3) and sentencing her to a $150 fine and payment of court costs. Finding no merit to the appeal, we affirm.

**{¶ 3}** On June 22, 2021, the city of University Heights charged Johanan with one count of cruelty to animals in violation of U.H.C.O. 618.05(a)(3), which states that "no person shall carry or convey an animal in a cruel or inhuman manner." The charge arose out of an incident that occurred on June 6, 2021. As set forth in the city's trial brief:

> [Johanan] arrived at Walter Stinson Park driving a black Toyota Matrix at approximately 9:16 a.m. on June 6, 2021. She had a child and two dogs in the car with her. Although she initially exited the vehicle with both dogs and the child, [Johanan] later returned one of the dogs to her vehicle at approximately 9:30 a.m. For nearly one hour thereafter, she remained in the park with the child and remaining dog, while the second dog remained in her vehicle. For over half an hour, the dog in the vehicle was subjected to cruel and inhuman conditions — specifically, extreme heat without adequate water or shade. At approximately 10:15 a.m., the dog was rescued from [Johanan's] car by concerned citizens. The dog was panting, quickly lapped at water that was offered by its rescuers, and eagerly sought shade under nearby vehicles. [Johanan], however, did not return to her car to check on the dog until approximately 10:30 a.m. when she was alerted to the situation by the arrival of police officers.

**{¶ 4}** In response to the charge, Johanan filed a "Challenge of Jurisdiction in the matter of Jessica A. Johanan Non-corporate entities, tertius interveniens." The trial court considered the "challenge of jurisdiction" to be a motion to dismiss

and denied it, ruling that "the many pages submitted fail to comply with any of the criminal rules for pleading and raise arguments that are nonsensical" and "no issue that this court has to address."

{¶ 5} After the court denied her challenge to jurisdiction, Johanan pleaded not guilty and then filed various motions and documents with the court, including a "bill of complaint in equity," a demand for "trial by jury of peers" (as opposed to a jury trial); requests that the judge provide his oath of office and that the judge and prosecutor produce their law licenses and bar memberships, a request that the trial court "produce the (contract)/validation of debt of the claim," and an affidavit of status by Johanan as "a non-resident alien, a foreign state national, a state national of Ohio with limited diplomatic immunity."

{¶ 6} The court found that these filings were nonsensical, did not comply with the criminal rules, were redundant and/or moot, and did not raise any issues the court needed to consider. The court then scheduled the matter for trial.

{¶ 7} Trial proceeded on September 2, 2021, after which the jury found Johanan guilty of cruelty to animals in violation of U.H.C.O. 618.05(a)(3), a first-degree misdemeanor. This appeal followed.

{¶ 8} Johanan's assignments of errors are set forth in a single paragraph in her brief on appeal. They are not separately identified but we glean that Johanan is asserting the following assignments of error: (1) The trial court abused its discretion by denying Johanan a "trial by jury of peers" as set forth in the Sixth Amendment to the United States Constitution; (2) "The court abused its discretion in not

responding equitably to Johanan's raised concerns for individuals operating under the Color of Law as per 18 U.S. Code [Section] 242 - Deprivation of rights under Color of Law."; (3) Johanan was prosecuted because she used her First Amendment right to discuss the matter with a University Heights official; (4) "The trial court failed to address the obvious conspiracy against [Johanan's] civil rights, Title 8, U.S.C. Section 241."; (5) The trial court attempted to deprive Johanan of "life, liberty, or property" without due process of law; and (6) no expert witness appeared at trial.

{¶ 9} We overrule Johanan's assigned errors for several reasons. First, her brief fails to comply with App.R. 16. She raises six separate and distinct assignments of error but fails to argue them separately as required by App.R. 16(A)(7). Further, she does not cite to portions of the record where the alleged errors are reflected and upon which she relies, as required by App.R. 16(A)(3).

{¶ 10} App.R. 12(A)(2) authorizes us to disregard any assignment of error that an appellant fails to separately argue. Moreover, absent specific references to the record, we need not consider unsubstantiated assertions. *See* App.R. 12(A)(2). Thus, we are within our authority to summarily overrule Johanan's assignments of error and affirm the trial court's judgment. *State v. Fisher*, 8th Dist. Cuyahoga No. 83098, 2004-Ohio-3123, ¶ 26; *Marietta College v. Valiante*, 4th Dist. Washington No. 13CA12, 2013-Ohio-5405, ¶ 12.

{¶ 11} Also problematic to Johanan's appeal is that she failed to make a transcript of the proceedings part of the appellate record, as required by App.R.

9(B). "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because the appellant bears the burden of showing error by reference to matters in the record." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980). Johanan's failure to comply with App.R. 9 and fulfill her duty to file the transcript that is necessary to enable this court to evaluate the trial court's judgment cannot be excused on the basis that she is acting pro se. *State Farm Mut. Auto. Ins. Co. v. Williams,* 8th Dist. Cuyahoga No. 107951, 2019-Ohio-4059, ¶ 31.

{¶ 12} Where a party to an appeal fails to file portions of the transcript necessary for resolution of her assignments of error, the assignments will be overruled. *Lee v. Ohio Dept. of Job & Family Servs.*, 10th Dist. Franklin No. 06AP-625, 2006-Ohio-6658, ¶ 10. "We cannot substitute our judgment for that of the trial court, presume evidence not offered, or facts not proved. Without a transcript, we must presume the regularity of the trial court's proceedings and affirm its judgment on appellate review." *Smith v. Smith*, 10th Dist. Franklin No. 18AP-190, 2019-Ohio-114, ¶ 13.

{¶ 13} Here, without a transcript, Johanan cannot establish a factual or legal basis that supports her contentions that the trial court erred. In the absence of a transcript, we presume the regularity of the trial court proceedings and the presence of sufficient evidence to support the jury's verdict that Johanan is guilty of cruelty to animals. Accordingly, the assignments of error are overruled.

{¶ 14} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Shaker Heights Municipal Court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, JUDGE

SEAN C. GALLAGHER, A.J., and
MICHELLE J. SHEEHAN, J., CONCUR