[Cite as *In re M.K.L.*, 2023-Ohio-79.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

IN RE M.K.L.                                    :

                                                              No. 111764

Minor Child                                    :

[Appeal by Mother]                             :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 12, 2023

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. FA-20-108763

---

## *Appearances:*

Michael Drain, *for appellant*.

KATHLEEN ANN KEOUGH, P.J.:

{¶ 1} This appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc.App.R. 11.1. The purpose of an accelerated appeal is to allow this court to render a brief and conclusory opinion. *State v. Priest*, 8th Dist. Cuyahoga No. 100614, 2014-Ohio-1735, ¶ 1.

{¶ 2} Mother-appellant appeals from the juvenile court's judgment approving and adopting the magistrate's decision that granted father shared

parenting and designated him as a residential parent and legal custodian of the parties' minor child. For the reasons that follow, we affirm.

{¶ 3} In October 2020, father filed an application for shared parenting, which mother opposed. In March 2022, the matter was assigned to a magistrate, who conducted an evidentiary hearing. The magistrate issued a written decision finding that shared parenting would be in the child's best interest and granted father's application designating both mother and father as residential parents and legal custodians.

{¶ 4} On May 4, 2022, mother timely filed general, single-statement objections challenging the magistrate's factual findings and best interest determinations. She also requested a transcript of the magistrate's hearing and that the juvenile court stay the proceedings pending the preparation of the transcript. The court denied mother's request for a stay, but granted her transcript request.

{¶ 5} On June 7, 2022, the juvenile court approved and adopted the magistrate's decision. The court noted that no transcript of the magistrate's hearing had been filed; accordingly, it overruled mother's general objections.

{¶ 6} Mother now appeals, raising three assignments of error.

## I. Motion to Stay

{¶ 7} In her first assignment of error, mother contends that the juvenile court abused its discretion in denying her motion to stay the proceedings pending receipt of the trial transcript. In support, Mother generally asserts that the "provisions of Civ.R. 53" allow the juvenile court to grant a reasonable period of time

to file the transcript, and had the court granted the stay, it could have considered the transcript of hearing.

{¶ 8} Juv.R. 40(D)(4)(a) provides that "a magistrate's decision is not effective unless adopted by the court." In this case, the juvenile court made no decision, adverse or otherwise, affecting the merits of the proceedings during the time that mother filed her objections and when the court adopted the magistrate's decision. Accordingly, we find no abuse of discretion in the court's decision to not stay the proceedings pending the filing of a trial transcript. This assignment of error is overruled.

## II. Overruling Objections

{¶ 9} In Mother's second assignment of error, she contends that the juvenile court abused its discretion in overruling her objections on the day after the trial transcript was filed. Aside from failing to comply with App.R. 16(A)(7) by not citing to any authority in support of her argument, we find no merit to mother's assignment of error.

{¶ 10} Juv.R. 40(D)(3)(b) governs objections to a magistrate's decision. The rule mandates that the "objecting party" file the transcript with the court "within thirty days after filing objections" unless the juvenile court extends that time. Juv.R. 40(D)(3)(b)(iii). In this case, mother filed her timely general objections to the magistrate's decision on May 4, 2022. Accordingly, she was required to file the transcript within 30 days (or June 3, 2022), or seek an extension of time with the juvenile court. Mother did not do either.

**{¶ 11}** Mother contends that the transcript was filed on June 6, 2022.[1] Our review of the juvenile court docket, however, reveals that the transcript of the March 23, 2022 magistrate's hearing was never filed with the juvenile court. Mother did not file a notice of filing of transcript and the transcript provided to this court as part of the App.R. 9(B) record does not bear any file stamp depicting that it was filed on June 6, 2022.[2] Accordingly, based on our review of the record, mother's second assignment of error lacks foundation and merit.

### III. Shared Parenting

**{¶ 12}** In her final assignment of error, mother contends that the juvenile court's order naming father as a "residential parent and legal custodian is not in the child's best interest and is contrary to law."

**{¶ 13}** Mother first claims that because father did not file a parenting plan with his application for shared parenting, R.C. 3109.04(A)(1) mandated the juvenile court to allocate parental rights and responsibilities "primarily to one of the parents." According to mother, this deficiency renders the court's decision contrary to law. We find that mother has waived this argument on appeal because she failed to raise this issue in her objections to the magistrate's decision.

---

[1] Even if the transcript was filed the day before the juvenile court ruled on Mother's objections, the filing would have been untimely under Juv.R. 40(D)(3)(b)(iii).

[2] If the transcript was previously filed with the juvenile court, it would have been included as part of the juvenile court record, certified docket, and pagination submitted to this court, and mother separately ordering the preparation of a transcript under App.R. 9(B) would have been unnecessary.

{¶ 14} Mother raised three general single-statement objections to the magistrate's decision — (1) the record does not support the finding that the father can parent the child; (2) the shared parenting plan adopted by the court is not in the best interest of the child; and (3) the order that the father should also be named the residential parent and legal custodian of the child is not in the child's best interest.

{¶ 15} Under Juv.R. 40(D)(3)(b)(ii), an objection to a magistrate's decision must be "specific and state with particularity all grounds for objection." "Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law * * *, unless the party has objected to that finding or conclusion as required by Juv.R. 40(D)(3)(b)." Juv.R. 40(D)(3)(b)(iv). Because Mother did not raise any challenge to the magistrate's decision regarding the applicability or compliance with R.C. 3109.04, this court will not consider it on appeal. *See, e.g., In re R.A.*, 8th Dist. Cuyahoga No. 110541, 2021-Ohio-4126 (where a party fails to raise an issue in its objections to a magistrate's decision, the party has waived the issue for purposes of appeal).[3]

{¶ 16} Regarding mother's bare assertion that the juvenile court's decision was not in the child's best interest, we are authorized to summarily overrule this argument because mother has failed to comply with App.R. 12(A)(2) and 16(A)(3) by failing to make specific references to the record substantiating her claim and

---

[3] Mother has not made any claim for plain error in this assignment of error.

identifying portions of the record where the alleged errors are reflected. *See Univ. Hts. v. Johanan*, 8th Dist. Cuyahoga No. 110887, 2022-Ohio-2578, ¶ 9-10, citing *State v. Fisher*, 8th Dist. Cuyahoga No. 83098, 2004-Ohio-3123, ¶ 26.

{¶ 17} Additionally, we find no abuse of discretion by the juvenile court in adopting the magistrate's factual findings because mother failed to provide the court with a transcript of the magistrate's hearing. Juv.R. 40(D)(3)(b)(iii) provides that a party wishing to object to a magistrate's factual finding is required to support the objection with the transcript of the evidence submitted to the magistrate relevant to that finding. Where an objecting party fails to provide the trial court with the transcript of the proceedings, an appellate court is precluded from considering the transcript of the magistrate's hearing submitted with the appellate record. Juv.R. 40(D)(3)(b)(iv); *In re A.L.*, 8th Dist. Cuyahoga No. 99040, 2013-Ohio-5120, ¶ 12, citing *State ex rel Duncan v. Chippewa Twp. Trustees*, 73 Ohio St.3d 728, 730, 654 N.E.2d 1254 (1995); *see also In re S.H.*, 8th Dist. Cuyahoga No. 100911, 2014-Ohio-4476 (transcript provided to appellate court cannot be considered when that same transcript was not provided to the trial court).[4]

{¶ 18} Accordingly, mother's third assignment of error is overruled.

{¶ 19} Judgment affirmed.

---

[4] We note that no appellee brief has been filed. App.R. 18(C) grants this court discretion to accept mother's statement of facts and issues as correct and reverse the judgment of the trial court when no appellee brief has been filed, but only when "the appellant's brief reasonably appears to sustain such action." Based on our review of mother's limited statement of facts and issues, we decline to exercise that discretion in this case.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

KATHLEEN ANN KEOUGH, PRESIDING JUDGE

LISA B. FORBES, J., and
MARY J. BOYLE, J., CONCUR