[Cite as *Hurley v. Betfair Interactive*, 2024-Ohio-5488.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

ROSEL HURLEY, :

    Plaintiff-Appellant, : No. 114101

v. :

BETFAIR INTERACTIVE, :

    Defendant-Appellee. :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** November 21, 2024

---

Civil Appeal from the Cuyahoga County Common Pleas Court
Case No. CV-24-993355

---

### *Appearances:*

Rosel C. Hurley III, *for appellant.*

Flannery | Georgalis, LLC, Patrick M. Rahill, and Sean T. Lavin, *for appellee.*

MICHELLE J. SHEEHAN, P.J.:

**{¶ 1}** This appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc.App.R. 11.1. The purpose of an accelerated appeal is to allow an appellate court to render a brief and conclusory decision. *E.g., Univ. Hts. v.*

*Johanan*, 2022-Ohio-2578, ¶ 1 (8th Dist.); *State v. Trone*, 2020-Ohio-384, ¶ 1 (8th Dist.), citing *State v. Priest*, 2014-Ohio-1735, ¶ 1 (8th Dist.); *see also* App.R. 11.1(E)

{¶ 2} Rosel C. Hurley III filed this accelerated appeal of the trial court's grant of Betfair Interactive's ("Betfair") motion to stay and compel arbitration of the dispute raised in Hurley's complaint.

{¶ 3} On February 2, 2024, Hurley filed a complaint against Betfair, doing business as FanDuel, alleging he had a contract with Betfair, that Betfair violated the Ohio Consumer Fraud and Deceptive Trade Practices Act as contained in R.C. 1345.02, breached the contract, and was unjustly enriched. Hurley alleged that Betfair advertised parlay betting[1] and that for a period of time Betfair blocked him from placing parlay bets.

{¶ 4} On May 6, 2024, Betfair filed a motion to dismiss the case or in the alternative, stay the case and compel arbitration. In the motion, Betfair provided the trial court with the arbitration agreement from the terms and conditions agreed to by Hurley, which reads in pertinent part:

> You and FanDuel Sportsbook agree that all claims, disputes, or disagreements that may arise out of the interpretation or performance of the Agreement, which includes the Terms of Service (including its formation, performance and breach) or payments by or to FanDuel Sportsbook, or that in any way relate to the provision or use of FanDuel Sportsbook services, your relationship with FanDuel Sportsbook, or any other dispute with FanDuel Sportsbook, shall be resolved

---

[1] In betting parlance, a parlay is defined as "a series of two or more bets so set up in advance that the original stake plus its winnings are risked on the successive wagers." *Merriam-Webster Online*, https://www.merriam-webster.com/dictionary/parlay (accessed Oct. 25, 2024) [ https://perma.cc/9ZK9-UNB5].

exclusively through binding arbitration in accordance with this Section 30 (collectively, the "Arbitration Agreement").

{¶ 5} Hurley argued that the arbitration agreement was unenforceable and unconscionable, citing the fact that the Ohio Casino Control Commission has an online means of accepting complaints and Adm.Code 3775-16-21 provides a procedure to be followed when a bettor alleges a sports gaming proprietor has refused payment of alleged winnings. On May 29, 2024, the trial court granted Betfair's motion in part by issuing a stay of the case and ordering the parties to participate in arbitration pursuant to the arbitration agreement.[2]

{¶ 6} On June 27, 2024, Hurley filed his notice of accelerated appeal of this judgment, and the record was filed in this court on June 28, 2024. Hurley alleges one assignment of error, which reads:

> The trial court erred in ordering arbitration in this matter as arbitration is unenforceable and unconscionable and arbitration was waived by Appellee.

{¶ 7} Within the assignment of error, Hurley makes two arguments: 1) Betfair waived the right to arbitration, and 2) the arbitration agreement is unconscionable because it conflicts with Ohio law.

{¶ 8} In support of his waiver argument, Hurley attached email correspondence between Betfair's attorney and himself to his merit brief. App.R. 9(A)(1) provides that the record on appeal consists of "[t]he original papers

---

[2] The motion to dismiss was denied by default and is not under consideration in this appeal.

and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court shall constitute the record on appeal in all cases." The correspondence attached to Hurley's merit brief is not part of the record on appeal. Because of this, we disregard the correspondence and overrule his waiver argument. *See Univ. Hts. v. Johanan*, 2022-Ohio-2578, ¶ 12 (8th Dist.) ("Where a party to an appeal fails to file portions of the transcript necessary for resolution of her assignments of error, the assignments will be overruled."); *Richard v. Carmax*, 2023-Ohio-2066, ¶ 13 (8th Dist.).

{¶ 9} Ohio law allows for the enforcement of an arbitration agreement in a written agreement pursuant to R.C. 2711.01(A) and that such "shall be valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract." Where an arbitration provision is contained in a contract, there is a presumption of arbitrability. *Academy of Medicine of Cincinnati v. Aetna Health, Inc.*, 2006-Ohio-657, ¶ 10 – 14 (2006).

{¶ 10} We review a trial court's decision to compel arbitration de novo. *Taylor Bldg. Corp. of Am. v. Benfield*, 2008-Ohio-938. A contract may be rescinded on the grounds of unconscionability, and an arbitration clause may be found to be procedurally or substantively unconscionable. *Id.* at ¶ 33 – 34. Unconscionability encompasses two prongs: 1) substantive unconscionability and 2) procedural unconscionability. *Id.*, citing *Collins v. Click Camera & Video*, 86 Ohio App.3d 826,

834 (2d Dist. 1993). A party seeking to have an arbitration clause deemed unconscionable must allege and prove a quantum of proof of both prongs. *Id.*

{¶ 11} Betfair argues that Hurley has not argued that the arbitration agreement is either substantively or procedurally unconscionable and as such has not met his burden to demonstrate the clause is unconscionable. We agree. Further, Hurley merely states that the arbitration agreement is unconscionable because there exist provisions in Ohio law that provide a mechanism for complaints or dispute resolution. Hurley has not provided any statutory or precedential authority to explain why the provisions cited in his brief would render the arbitration agreement in this case unconscionable. "The burden is on the appellant, not the appellate court, to construct the legal arguments necessary to support an appellant's assignment of error." *Doe v. Cuyahoga Cty. Community College*, 2022-Ohio-527, ¶ 26 (8th Dist.); App.R. 16(A)(7). Accordingly, the trial court did not abuse its discretion in compelling arbitration in this case and the sole assignment of error is overruled.

{¶ 12} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.


_____
MICHELLE J. SHEEHAN, PRESIDING JUDGE

MARY J. BOYLE, J., and
MICHAEL JOHN RYAN, J., CONCUR