[Cite as *In re D.L.T.*, 2026-Ohio-118.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| IN RE D.L.T. | : | No. 114925 |
| A Minor Child | : | |
| [Appeal by Mother, T.T.] | : | |

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART, REVERSED IN PART, AND REMANDED
**RELEASED AND JOURNALIZED:** January 15, 2026

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. CU17108541

---

***Appearances:***

Rachel A. Kopec, *for appellant*.

Stryker Law Ltd. and John M. Stryker, *for appellee* K.C.

MICHAEL JOHN RYAN, J.:

{¶ 1} Appellant-mother appeals the trial court's judgment adopting the magistrate's decision in relation to the custody of child D.L.T. ("child"). For the reasons that follow, we affirm in part, reverse in part, and remand.

{¶ 2} In 2018, mother was awarded sole custody of the child in the Cuyahoga County Common Pleas Court, Juvenile Division. Appellee-father was granted

parenting time. In 2022, the paternal grandparents filed an action for companionship time and father filed a motion to modify custody.

{¶ 3} In 2024, mother claimed father had grabbed the child while the child was with him and caused a bruise. Mother filed for a domestic violence civil protection order ("DVCPO") against father, which was eventually denied. Father filed for full custody.

{¶ 4} A juvenile court magistrate held a hearing on the matter over nine days in July and August 2024, during which mother, father, two expert witnesses, paternal grandmother, maternal grandmother, the child's guardian ad litem ("GAL"), mother's fiancée, and father's manager at work testified. The magistrate also conducted an in camera interview with the child.

{¶ 5} The magistrate issued a decision on November 25, 2024, finding that pursuant to R.C. 3109.04(E)(1)(a) there had been a change in circumstances and that it was in the child's best interest to have father designated the child's residential parent and sole legal custodian. The court granted mother parenting time. The court also granted the paternal grandparents companionship time. The court held mother in contempt and sentenced her to a 30-day suspended sentence and a $250 fine. As to attorney fees and costs, the court ordered the following: (1) mother was to pay father $8,875 in attorney fees; (2) mother was to reimburse father fifty percent of the total fees assessed by the custody evaluation expert, and (3) each party, including the paternal grandparents, was ordered to pay a proportion of the GAL's fees.

{¶ 6} The court ordered mother to pay 32.5 hours of attorney fees "to defend the allegation as related to the DVCPO." The court additionally ordered mother to reimburse father fifty percent of the total fees assessed by the expert for "custody evaluation fees."

{¶ 7} On December 9, 2024, mother filed objections to the magistrate's decision and moved for the trial court to order a transcript. On December 10, 2024, the trial court issued a judgment entry adopting the magistrate's decision. On December 16, 2024, the court granted mother's motion for transcripts. Mother's counsel, however, failed to file a transcript in the juvenile court. On February 18, 2025, the trial court overruled mother's objections to the magistrate's decision, noting mother's failure to file a transcript.

{¶ 8} Mother now appeals, raising the following assignments of error. We combine assignments of error one through three for review.

I. The trial court erred by allowing expert testimony.

II. The trial court erred by allowing the paternal grandparents to have visitation rights.

III. The trial court erred by granting father legal custody.

IV. The trial court erred by ordering mother to pay attorney fees and the expert fee.

{¶ 9} In the first three assignments of error, mother argues that the court erred in allowing expert testimony, in allowing the paternal grandparents to have visitation rights, and by granting father legal custody.

{¶ 10} We review a trial court's adoption of a magistrate's decision for an abuse of discretion. *In re A.G.*, 2025-Ohio-4371, ¶ 13 (8th Dist.). An abuse of discretion occurs when a court exercises "its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority." *Abdullah v. Johnson*, 2021-Ohio-3304, ¶ 35.

{¶ 11} Juv.R. 40(D)(3)(b) governs objections to a magistrate's decision. The rule provides that "[a]n objection to a factual finding . . . shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available." Juv.R. 40(D)(3)(b)(iii).

{¶ 12} The rule further mandates that an objecting party must file the transcript with the court "within thirty days after filing objections" unless the juvenile court extends that time. *Id.* Mother filed her timely objections to the magistrate's decision on December 9, 2024. She was required to file the transcript within 30 days or seek an extension of time with the juvenile court. Mother did not do either.

{¶ 13} Mother contends that this court should review her assigned errors despite her failure to file a transcript with the lower court. However, Juv.R. 40(D)(3)(b)(iv) provides:

> Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion

of law . . . unless the party has objected to that finding or conclusion as required by Juv.R. 40(D)(3)(b).[1]

**{¶ 14}** Although mother filed the transcript of the magistrate's hearing with this court, we are precluded from considering a transcript submitted with the appellate record when an objecting party fails to provide the trial court with the same transcript. Juv.R. 40(D)(3)(b)(iv); *see also In re S.H.*, 2014-Ohio-4476 (8th Dist.) (transcript provided to appellate court cannot be considered when that same transcript was not provided to the trial court); *In re D.S.R.*, 2012-Ohio-5823, ¶ 20 (11th Dist.) (finding that the juvenile court was required to accept the magistrate's findings of fact as true and permitted to examine only the legal conclusions based on those facts because of mother's failure to timely file a transcript).

**{¶ 15}** As is relative to these assigned errors, Mother raised the following general single-statement objections to the magistrate's decision: (1) the magistrate erred in granting father custody because there was no change in circumstances; (2) the magistrate erred in granting the paternal grandparents companionship time "especially after granting their son full legal custody"; and (3) the magistrate erred in finding mother to be in contempt of court.

**{¶ 16}** On appeal, mother makes substantially the same arguments as she did in her objections: (1) the court erred by allowing the paternal grandparents to

---

[1] Mother makes no claim of plain error on appeal.

have visitation rights; and (2) the court erred by granting father legal custody. These arguments rely on the magistrate's factual findings.

{¶ 17} Under Juv.R. 40(D)(3)(b)(ii), an objection to a magistrate's decision must be "specific and state with particularity all grounds for objection." Mother's objections were no more than unsupported general assertions. Even if we found that the objections were stated with sufficient specificity, mother's failure to file a transcript with the juvenile court precludes review.

{¶ 18} Mother makes an additional argument on appeal that the juvenile court erred by allowing expert testimony. However, mother failed to raise this issue at the trial-court level. Therefore, we are authorized to summarily overrule this argument. *See* Juv.R. 40(D)(3)(b)(iv); *In re M.K.L.*, 2023-Ohio-79, ¶ 13 (8th Dist.) (finding that mother waived her argument that the court erred in adopting a shared parenting plan because mother failed to raise this issue in her objections to the magistrate's decision).

{¶ 19} The requirements of Juv.R. 40(D)(3)(b)(iii) are clear. Where objections to the factual findings of a magistrate are asserted, the objecting party shall support the objections with a transcript of all the evidence submitted to the magistrate. Mother's counsel failed to do so. Moreover, because mother's arguments rely on the juvenile court's factual findings, we cannot consider her arguments on appeal.

{¶ 20} The first through third assignments of error are overruled.

{¶ 21} In the fourth assignment of error, Mother argues that the trial court erred in ordering her to pay attorney and expert fees because the fees related to a matter in domestic relations court.

{¶ 22} As an initial matter, we note that, like her other objections, mother did not state this objection with specificity. Her argument, however, warrants further review because it involves subject-matter jurisdiction, which is a threshold issue and can be raised at any time by either party or sua sponte by the court. *See M.F. v. Cuyahoga Cty. Div. of Children & Families*, 2024-Ohio-3306, ¶ 7 (8th Dist.) (subject-matter jurisdiction is never waived and can be raised at any time, it may be raised sua sponte by an appellate court). Additionally, we need not rely on the transcript to consider whether the juvenile court had jurisdiction to award attorney and expert fees for services rendered in another court.

{¶ 23} By way of background, while the parties were litigating the issue of custody in juvenile court, mother filed a petition for a DVCPO in the domestic relations court, claiming that the child had told mother that father had grabbed her by the shoulder, causing a bruise. The domestic relations court granted an ex parte order, and the juvenile court suspended father's parenting time. There was a full hearing in the domestic relations court, after which the petition was denied.

{¶ 24} Father then filed for full custody of the child in the juvenile court. He moved for attorney fees in the juvenile court, arguing that mother's conduct violated R.C. 2323.51 and Civ.R. 11. The court granted the motion, finding that mother engaged in frivolous conduct, but since the parties had also been involved in

protracted litigation over the custody matter in the juvenile court, not all of the litigation expenses could be attributed to mother's frivolous conduct. The court determined that

> it is reasonable to grant the father a portion of the requested attorney fees required to combat these physical abuse allegations, especially in Domestic Relations court. Had these allegations not been made, the father would not have had to expend any money fighting the DVCPO that had been filed. The Court finds that thirty-two and a half (32.5) hours of attorney fees were reasonable and necessary to defend the allegations as related to the DVCPO.

{¶ 25} The juvenile court additionally ordered mother to reimburse father fifty-percent of the expert fees:

> The Court finds that father engaged Dr. Deborah Koricke to conduct a custody evaluation. He bore the cost of the evaluation, as parents are expected to do when [they] request this service. However, the cost of the evaluation went much higher than originally intended, due in large part to the extra work Dr. Koricke had to do as part of the evaluation. This included investigation about the physical abuse allegations and extra testimony required for the DVCPO hearing and for the trial . . . . The extra work not anticipated by Dr. Koricke should not be borne solely by the father.

{¶ 26} Because the juvenile court granted fees in relation to a case in a different court, we must determine whether the juvenile court had jurisdiction to do so.

{¶ 27} Under R.C. 2323.51, a litigant may receive an award of attorney fees where their opponent has been found to have engaged in "frivolous conduct," which is defined, inter alia, as conduct that is meant "merely to harass or maliciously injure" or "is not warranted under existing law [or] cannot be supported by a good faith argument," as making "allegations or other factual contentions that have no

evidentiary support," or as denials "or factual contentions that are not warranted by the evidence." R.C. 2323.51(A)(2)(a)(i)-(iv). R.C. 2323.51(B) provides that

> at any time not more than thirty days after the entry of final judgment in a civil action or appeal, any party adversely affected by frivolous conduct may file a motion for an award of court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action or appeal. The court may assess and make an award to any party to the civil action or appeal who was adversely affected by frivolous conduct, as provided in division (B)(4) of this section.

{¶ 28} "[T]he '[r]elief under R.C. 2323.51 is obtained by filing a motion in a pending case,' and not in a later separate civil action.'" *Turner v. Lerner, Sampson & Rothfuss*, 776 F.Supp.2d 498, 510-511 (N.D.Ohio 2011), quoting *Gevedon v. Gevedon*, 2006-Ohio-3195, ¶ 29 (2d Dist. 2006). Thus, the proper court for father to file his motion for frivolous sanctions seeking attorney or expert fees for work done on the DVCPO would have been domestic relations court.

{¶ 29} "'A juvenile court may exercise jurisdiction only if expressly granted the authority to do so by statute.'" *Wolf v. Uncapher*, 2022-Ohio-4076, ¶ 17 (9th Dist.), quoting *In re R.G.*, 2021-Ohio-93, ¶ 21 (9th Dist.). We know of no statute that would grant the juvenile court the jurisdiction to determine whether frivolous conduct had occurred in a domestic relations proceeding. The domestic relations court is the only forum that could determine an award of sanctions for conduct occurring during its proceedings, and the juvenile court had no jurisdiction to award attorney or expert fees in this case.

{¶ 30} The juvenile court was clear in its order; the court awarded attorney fees solely for frivolous conduct that it found occurred in the domestic relations case:

"The Court finds that thirty-two and a half (32.5) hours of attorney fees were reasonable and necessary to defend the allegations as related to the DVCPO."

{¶ 31} As to expert fees, the court was not so clear. The court stated that the cost of Dr. Koricke's expert evaluation was higher than intended, due in large part to the extra work Dr. Koricke had to do as part of the evaluation, which included work the doctor did for the DVCPO hearing and trial. The court did not state that the cost was borne solely because of the work Dr. Koricke did for the domestic relations court.

{¶ 32} Accordingly, because the juvenile court lacked subject-matter jurisdiction over granting attorney fees for what occurred in the domestic relations court, the judgment granting attorney fees is void in total. *See State v. Straley*, 2019-Ohio-5206, ¶ 25, quoting *State v. Payne*, 2007-Ohio-4642, ¶ 27 ("'[A] void judgment is one that has been imposed by a court that lacks subject-matter jurisdiction over the case or the authority to act.'"). As to the expert fees, only that portion which the trial court determined was for "the DVCPO hearing and trial" is void. The case is remanded for that calculation.

{¶ 33} The fourth assignment of error is sustained in part.

{¶ 34} Based on the record before us, we do not find that the trial court abused its discretion when it adopted the magistrate's decision, except for that portion covering attorney and expert fees. The court's order awarding attorney fees in the domestic relations court is void, and the case is remanded for determination

of what portion of excessive expert fees were because of work done in the juvenile court.

**{¶ 35}** Judgment affirmed in part, reversed in part. Case remanded.

It is ordered that appellee and appellant share costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHAEL JOHN RYAN, JUDGE

EILEEN T. GALLAGHER, P.J., and
MARY J. BOYLE, J., CONCUR